**Robert WEBER, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
**Appellee.**

No. 88–1082.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 22, 1988.

Decided Feb. 17, 1989.

Kenneth D. Koester, St. Louis, Mo., for appellant.

Larry H. Hellwig, Clayton, Mo., for appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

BEAM, Circuit Judge.

Robert Weber appeals the adverse judgment of the district court. We reverse.

## I. BACKGROUND

Robert Weber was a passenger in a car driven by Rebecca Wallace which car was involved in a collision with another vehicle. Wallace made a left turn in violation of the traffic signal and turned into the path of an oncoming car. As a result of the accident, Weber suffered severe injuries.

At the time of the accident Weber had an automobile liability policy issued by American Family Mutual Insurance Company which policy included underinsured motorist coverage in the amount of $100,000. After settling with Wallace's insurance carrier for $100,000, the policy limits, Weber sued American Family for the damages he incurred which exceeded the amount he had received from Wallace.

Prior to trial the parties stipulated that if Weber was entitled to recover under the underinsured motorist coverage extended by the American Family policy, he would recover $60,000. In addition, the parties stipulated to the facts of the case leaving only the question of whether Weber had to setoff any amounts received from Wallace's insurance carrier against any amounts due from American Family. The district court held that, pursuant to the language of Weber's policy, set-off was required. The end result was a zero amount payable by American Family. We disagree with this result.

## II. DISCUSSION

Weber's underinsured motorist coverage stated that American Family would pay "damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle." The policy further provided that "[a]ny amounts payable [under the underinsured motorist coverage] will be reduced by * * * [any] payment made by the owner or operator of the underinsured motor vehicle or organization which may be legally liable."

Weber claims that this language clearly indicates that the underinsured motorist coverage is excess coverage over and above any amounts received as a result of liability policies of the driver who was at fault. American Family asserts that the language in Weber's policy concerning the underinsured motorist coverage explicitly states that any amounts Weber received from Wallace or her insurance company must be set-off against the $100,000 coverage Weber had with American Family. Therefore, because Weber received $100,000 from Wallace's insurance carrier, and Weber's policy limits were $100,000, Weber is not

entitled to any additional amounts from American Family.

To further illustrate its point, American Family urges us to compare the language in Weber's policy with the language American Family used in earlier policies. Earlier policies stated that "[t]he coverage provided * * * is excess over any collectible auto liability insurance." American Family contends that such a comparison clearly establishes that it did not intend Weber's underinsured motorist coverage to be excess over any amounts received from Wallace or her insurance carrier, and that the policy language was changed to reflect that intent. We disagree. We believe the new language represents nothing more than an attempt to frame an excess coverage clause in other language. Any other analysis would render the policy term "underinsured motor vehicle" meaningless or, at least, misleading. For instance, under American Family's interpretation, an insured, such as Weber, would never reach the limits of liability set forth in the Underinsured Motorist Coverage Endorsement of the contract unless the insured was dealing with an uninsured motorist rather than an underinsured motorist.

Under the policy, American Family agreed, as earlier indicated, to pay the full amount that Weber was legally entitled to recover from Wallace. The parties have stipulated that this amount is $160,000. The $160,000 is then reduced, pursuant to the terms of the policy, by the payment Weber received from Wallace's insurance carrier, i.e., $100,000, leaving an amount due Weber of $60,000. This amount is, of course, within the policy limits of $100,000 as established by the policy.

Accordingly, we find that Weber is entitled to $60,000 under his underinsured motorist policy in addition to the $100,000 Weber received from Wallace's insurance company.

## III. CONCLUSION

For the reasons stated above, we reverse the judgment of the district court and remand this matter for further action consistent with this opinion.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

This case involves interpretation of an automobile insurance policy under Missouri law and concerns a subject which Missouri state courts have not yet considered. We have often stated that where an experienced district judge decides a question of state law on which state courts have not yet expressed a view, we give substantial deference to that decision. *Kansas State Bank of Holton v. Citizens Bank of Windsor*, 737 F.2d 1490, 1496 (8th Cir.1984). I would apply the rule here.

The reasoning most convincing to me is effectively expressed in the district court's opinion. The court stated:

It is clear from the policy language that the underinsured motorist protection is intended to be excess over other insurance paid: "We will pay under this coverage only after the limits of liability under any bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." In fact, underinsured motorist coverage is necessarily always excess insurance because it is only available when the at-fault party's insurance "provides bodily injury liability limits less than the damages [the insured] is legally entitled to recover."

\* \* \* \* \* \*

Under the policy's Underinsured Motorist Coverage Endorsement is a section entitled Limits of Liability. That section provides: "Any amounts payable will be reduced by: 1. A payment made by the owner or operator of the underinsured motor vehicle or organization which may be legally liable." The maximum amount available from American Family under the underinsured motorist coverage is $100,000. Reducing the amount payable by the payment made ($100,000 minus $100,000) would result in a zero amount payable by American Family.

Although ambiguities in the policy would be construed in the light most favorable to the insured, the Court does

not find the terms of the policy to be ambiguous and thus finds no liability on the part of the defendant under the clear and intended language of the policy.

I am far more persuaded by this reasoning of the district court than by the reasoning of the court today. The plain import of the language is to create excess coverage and the district court so recognizes. I would affirm the judgment of the district court.