**Richard WIBBENMEYER, Appellee,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant.**

No. 89–2717.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1990.

Decided July 11, 1991.

Rehearing Denied Oct. 31, 1991.

Theodore Pashos, St. Louis, Mo., for appellant.

Michael Gross, St. Louis, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and HANSON,* Senior District Judge.

WOLLMAN, Circuit Judge.

American Family Mutual Insurance Company (American Family) appeals from the district court's judgment, which requires American Family to pay Richard Wibbenmeyer (Richard) the maximum underinsured motorist coverage on each of the two policies issued to Richard's parents. We reverse.

As stipulated by the parties, the facts reveal that on March 2, 1988, Richard was seriously injured while riding as a passenger in an automobile owned by Dennis and Mary Ramsey and insured by Commercial Union Insurance Company (Commercial Union). At the time of the accident, Richard resided in the household of his parents, Richard O. and Rose Wibbenmeyer, who owned two automobiles, each of which was

---

* The HONORABLE WILLIAM C. HANSON, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

covered by an automobile liability insurance policy issued by American Family.

Richard's damages on account of the injuries he suffered in the accident were in excess of $300,000. After Commercial Union paid him the policy limits of $100,000 on the policy it had issued to the Ramseys, Richard brought suit in Missouri state court against American Family to recover the $100,000 limits of liability under the underinsured motorist provisions of the policies covering his parents' automobiles. American Family then removed the case to federal court under diversity jurisdiction.

Finding that our decision in *Weber v. American Family Mut. Ins. Co.*, 868 F.2d 286 (8th Cir.1989), controlled the outcome of the case, the district court held that Commercial Union's $100,000 payment should be offset against Richard's stipulated damages of $300,000 and that American Family was liable to pay the policy limits under each of its two underinsured motorist coverage clauses, for a total judgment against American Family in the amount of $200,000. *Wibbenmeyer v. American Family Mut. Ins. Co.*, 720 F.Supp. 141 (E.D.Mo.1989).

The pertinent language of the underinsured motorist coverage clauses of the Wibbenmeyers' policy reads as follows:

LIMITS OF LIABILITY

The limits of liability shown in the declarations apply, subject to the following:

\* \* \* \* \* \*

We will pay no more than these maximums no matter how many vehicles are described in the declarations, insured persons, claims, claimants or policies or vehicles are involved in the accident.

Any amounts payable will be reduced by:

1. A payment made by the owner or operator of the underinsured motor vehicle or organization which may be legally liable.

On May 3, 1991, the Supreme Court of Missouri expressly rejected the holding in *Weber* as inconsistent with Missouri law. *Rodriguez v. General Accident Ins. Co.*, 808 S.W.2d 379 (Mo.1991).

The relevant uninsured motorist coverage provisions of the insurance policy in *Rodriguez* read as follows:

LIMIT OF LIABILITY

A. The limit of liability shown in the schedule for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident

However, the limit of liability shall be reduced by all sums paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under part A of this policy.

*Id.*, at 381.

The Missouri Supreme Court held that the foregoing language was not ambiguous:

The contract between General Accident and the Rodriguezes clearly states that an underinsured motor vehicle is a vehicle whose limits for bodily injury liability are "less than the limit of liability for this coverage." By their own admission, the Rodriguezes acknowledge that Fruehwirth's liability insurance coverage was $50,000. Since Fruehwirth's coverage is equal to the limit of liability under the Rodriguezes' policy, Fruehwirth was not an underinsured motorist as defined by the Rodriguezes' policy.

*Id.*, at 382.

The court found that the set-off provisions of the Rodriguezes' policy reinforced the foregoing definition of underinsured motorist and refuted the argument that the underinsured motorist coverage was excess coverage. *Id.*, at 382.

Finally, the court rejected the argument that the Rodriguezes should be permitted to stack the underinsured motorist coverage of each of their two vehicles, quoting the language of Paragraph A of the Limit of Liability provisions set forth above and referring to the fact that there is no statu-

tory requirement mandating underinsured motorist coverage in Missouri.

Although the wording of the relevant portions of the insurance policy in *Rodriguez* differs slightly from that in the Wibbenmeyers' policies, we conclude that the operative effect of the language in question is the same and that the language in the Wibbenmeyers' policies is not ambiguous.

Accordingly, applying the clear holding of *Rodriguez*, we reverse the district court's judgment and remand the case to the district court with directions to dismiss the complaint and to enter judgment in favor of American Family.