Robert CASH and Bob Cash Construction Company, Inc. *v.* ARKANSAS COMMISSION ON POLLUTION CONTROL AND ECOLOGY et al.

89-43                                                     778 S.W.2d 606

Supreme Court of Arkansas
Opinion delivered October 30, 1989

*Mitchell, Williams, Selig & Tucker*, by: *Allan Gates*, for appellant.

*Steve Clark*, Att'y Gen., by: *R. B. Friedlander*, Asst. Att'y Gen., for appellee Arkansas Commission on Pollution Control and Ecology.

*James G. Lingle, P.A.*, by: *George D. Oleson*, for appellees/ intervenors Citizens Against Land-Fill, Inc., Jeff Henthorne, Jerry Willis, Coy Baker, William Black, Robert Millsop, Tom Aley, and those members of C.A.L.F. who submitted written comments, Arkansas Conservation Coalition, Arkansas Audubon Society, National Audubon Society, The Ozark Society, and Arkansas Wildlife Federation.

THOMAS E. SPARKS, Special Justice. By order of May 22, 1987, appellee, Arkansas Commission on Pollution Control and Ecology, rescinded a permit previously granted by its Director to appellants. On June 19, 1987, attorney for appellants served on the Commission their notice of appeal from the order of May 22, 1987, by hand delivering the same to the Secretary of the Commission. The notice of appeal was filed with the Clerk of the Circuit Court on July 14, 1987. On motions by appellee and appellee/intervenor Citizens Against Land-Fill, Inc., the circuit court found that it was without jurisdiction to review the order of

the Commission as the notice of appeal was not filed with the Clerk of the Court within the time specified in Ark. Code Ann. § 8-4-223. The decision is affirmed.

The appellants rely upon two points for reversal. They contend:

> 1. The ten-day period for transmission of a timely-filed notice of appeal from the Secretary of the Arkansas Commission on Pollution Control and Ecology to the circuit clerk is not jurisdictional.

> 2. Even if the ten-day period for transmission of the notice of appeal were jurisdictional, there is no jurisdictional bar when transmission of the notice is completed prior to the time allowed in the statute for extension of time.

The applicable parts of Ark. Code Ann. § 8-4-223 read as follows:

> (a)(1) Within thirty (30) days after service of a copy of the order, rule, regulation, or determination, the appellant shall serve a notice of appeal on the commission, through its secretary.

> . . . .

> (c) The original notice of appeal, with proof of service, shall be filed by the appellant with the clerk of the circuit court within ten (10) days after service of the notice upon the commission, and thereupon the court shall have jurisdiction of the appeal.

The appellants properly served their notice of appeal on the Commission on June 19, 1987, within the thirty (30) days allowed for service. Appellants admit that their original notice of appeal was not filed with the Clerk of the Circuit Court until July 14, 1987, which is more than ten days after the serving of the notice of appeal on the Commission through its Secretary.

The words of the statute are clear and free from any ambiguity. Subsection (c) requires that the appellant file the original notice of appeal with the Clerk of the Circuit Court within ten (10) days after service of the notice upon the Commission and "thereupon the Court shall have jurisdiction of the

appeal." The circuit court could have no jurisdiction without the proper and timely filing of the original notice of appeal. This is the effect of giving the language in question its usual and ordinary meaning.

■ The cases are in fact legion for the proposition that if the wording of a statute is clear and unambiguous, the statute will be given its plain meaning. *See Pledger* v. *Ethyl Corporation*, 299 Ark. 100, 771 S.W.2d 24 (1989); *Woodruff* v. *Shockey*, 297 Ark. 595, 764 S.W.2d 431 (1989).

■ We point out that the service of notice of appeal on a party to the litigation could not give the court jurisdiction. It is only when the notice is filed with the Clerk of the Circuit Court that the court has jurisdiction.

■ As to appellants' second point, no request for an extension of time was made in this case. Therefore, we do not consider this point upon appeal.

Affirmed.

HAYS, NEWBERN, and GLAZE, JJ., not participating.

Special Justices Arthur ANDERSON and Joseph H. PURVIS join in this opinion.