Oliver Doyle ROY *v.* FARMERS & MERCHANTS
INSURANCE COMPANY

91-170                                                        819 S.W.2d 2

Supreme Court of Arkansas
Opinion deliverd November 11, 1991
[Rehearing denied December 16, 1991.*]

*Pope, Shamburger, Buffalo, & Ross*, by: *Brad A. Cazort*,
for appellant.

*Jacob Sharp, Jr.*, and *Brian Allen Brown*, for appellee.

█ DAVID NEWBERN, Justice. In this case we interpret, for
the first time, a provision in Ark. Code Ann. § 23-89-208 (1987)
requiring "reasonable proof of all benefits" be made to an
insurance company. The issue stems from a further provision of
the Statute that the insurer is liable for sanctions if a claim is not
paid within 30 days after receipt of "reasonable proof as to all
benefits accrured." We hold that sending a hospital bill, unac-
companied by any sort of signed application proving that the
medical expense entitles the sender to an insurance policy
"benefit" is not sufficient to satisfy the "reasonable proof"
requirement.

Oliver Roy, the appellant, was a pedestrian crossing a street
when he was struck by Cheri Rogers' car. The appellee, Farmers

---

*Glaze, J., not participating.

& Merchants Insurance Company [F & M], is Rogers' insurer.

Roy was transported to Cleburne Memorial Hospital where his care resulted in a charge of $6911.75. F & M assigned the claim to Tim Pipkins of L & R Adjusting Company. A bill for ambulance services provided to Roy was delivered to Pipkins on January 17, 1991. On February 1, 1991 the hospital sent a bill to F & M for the entire amount of services rendered, $6911.75. The bill showed F & M as "payer" and recited that "The patient [Roy] was hit by a car on 1-15-91. The owner or the person who hit this patient is Bobby & Sheri Rogers." No signature or other authentication appeared on the bill.

On March 5, 1991, Roy filed a complaint against F & M alleging that more than 30 days had passed since F & M received reasonable proof of Roy's medical bill, and it had not paid the $5000 medical payments limit authorized by the policy. The complaint sought the policy limit of $5000 for medical payments, 12% penalty, interest, and attorney's fees as permitted in § 23-89-208(f).

F & M confessed judgment for $5000 on March 19, 1991. The question of F & M's liability for the interest, penalty, and attorney's fees was submitted to the Trial Judge who found the statutory sanctions inapplicable because payment was made within 30 days of the date Roy's application for benefits was received by F & M.

Roy challenges the Trial Court's interpretation of the Statute alleging the Court erred in it's determination that "reasonable proof" was not sent more than 30 days before payment. We agree with the Trial Court that sending a hospital bill is not sufficient.

The Statute provides:

Payments.

(a)    Payment under the coverages enumerated in § 23-89-202(1) and (2) shall be made on a monthly basis as benefits accrue.

(b)    Benefits for any period are overdue if not paid within thirty (30) days after the insurer received reasonable proof of the amount of all benefits accruing during that period.

(c)   If reasonable proof is not supplied as to all benefits accrued, the portion supported by reasonable proof is overdue if not paid within thirty (30) days after the proof is received by the insurer.

(d)   Any part or all of the remainder of the benefits that is later supported by reasonable proof is overdue if not paid within thirty (30) days after the proof is received by the insurer.

(e)   In the event the insurer fails to pay the benefits when due, the person entitled to the benefits may bring an action in contract to recover them.

(f)   In the event the insurer is required by the action to pay the overdue benefits, the insurer shall, in addition to the benefits received, be required to pay the reasonable attorneys' fees incurred by the other party, plus twelve percent (12%) penalty, plus interest thereon from the date the sums became overdue.

The Trial Court wrote:

It appears to this Court that the mere mailing or submission of a hospital bill alone to an insurer is not sufficient to establish "reasonable proof" of benefits accruing. An application by an injured person would need to be submitted along with a medical authorization and medical bills. This would allow the insurer to possess the basic information to investigation the claim.

The Court finds that the PIP application was dated 2-15-91 and was faxed by the Plaintiff's attorney to the Defendant's claim adjuster, Tim Pipkins, on February 16, 1991, as reflected in the statement for professional services rendered. Reasonable proof of benefits was received by the Defendant on February 16, 1991. The benefits were received by the Plaintiff on March 14, 1991. The benefits were paid within thirty (30) days after the proof was received by the Defendant. The benefits are not overdue under A.C.A. § 23-89-208 (f).

Roy argues the Trial Court has created a requirement not found in the statute and contrary to legislative intent. True, there

is no specific requirement in this subsection of the Insurance Code which requires submission of an application for benefits prior to payment of benefits, but "reasonable proof of benefits" means more than proof of a charge or loss.

Roy correctly asserts the basic rule of statutory construction to which all other interpretive guides must yield, and that is to give effect to the intent of the General Assembly. *Graham* v. *Forrest City Housing Auth.*, 304 Ark. 632, 803 S.W.2d 923 (1991); *Holt* v. *City of Maumelle*, 302 Ark. 51, 786 S.W.2d 581 (1990); *In Re Adoption of Perkins/Pollnow*, 300 Ark. 390, 779 S.W.2d 531 (1989). When a statute is clear, it is given it's plain meaning, *Cash* v. *Arkansas Comm'n on Pollution Control & Ecology*, 300 Ark. 317, 778 S.W.2d 606 (1989), and we do not resort to a search for legislative intent. Legislative intent must be gathered from the plain meaning of the language used. *Hinchey* v. *Thomasson*, 292 Ark. 1, 727 S.W.2d 836 (1987).

Roy's further argument, that the lack of a statutory requirement of an insurance application or claim form showing "proof of loss" implies legislative intent not to require an initial showing by a claimant is not persuasive. The requirement is "reasonable proof . . . as to all benefits accrued." *Black's Law Dictionary* 158, (6th. ed. 1990) defines "benefit" for contract purposes as follows:

> When it is said that a valuable consideration for a promise may consist of a benefit to the promisor, "benefit" means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled. [citation omitted] "Benefits" of contract are advantages which result to either party from performance by other.

Because a "benefit" is an advantage arising only as a result of some action on the part of another, a requirement of a showing of the occurence of that activity is implicitly required to determine whether there are "benefits." The hospital bill showed the amount of the charge or loss incurred by Roy, but a loss only becomes a benefit for Roy if he is legally entitled to recover under the policy.

The reason for enactment of a Statute like the one in

question is encouragement of prompt payment of no fault insurance claims. *See Hagains* v. *Government Employees Ins. Co.*, 150 N.J. Super. 576, 376 A.2d 224 (1977). While there is an annotation dealing with the varying statutory provisions having to do with presenting proof of a no fault claim, there are very few cases that even come close to being on point with the one before us. *See* Annot., *Automobile Insurer's Liability for Statutory Excess Interest for Delayed Payment of No-Fault Claim*, 14 A.L.R. 4th 761, §§ 2(a), 4(b) (1982). We agree with the statement made by the Judge in the *Hagains* case, a reported trial court decision, that no fault insurance provisions should be interpreted liberally to prevent injured persons from having to bear the burden of payment while the insurer considers contesting a claim with no basis for doing so. Even so, it would be wrong to say the insurer must pay a claim based on presentation of a bill without the claimant asserting in writing or perhaps through counsel that he or she is entitled to a policy "benefit." It is not inconsistent with the remedial purpose of the legislation to require such an assertion along with the documentation.

Affirmed.

GLAZE, J., not participating.