Raymond JONES and Lisa Jones, Individually and on Behalf of Christina Jones, a Minor, Plaintiffs,

v.

John W. BALAY, M.D.; John W. Balay, M.D., P.A., and St. Paul Fire and Marine Insurance Company as Insurer for Twin Rivers Medical Center n/k/a Baptist Medical Center of Arkadelphia, Defendants.

Civ. No. 91–6096.

United States District Court,
W.D. Arkansas,
Hot Springs Division.

Dec. 21, 1992.

Charles P. Boyd, Jr., Davidson Law Firm, Ltd., Richard B. Dahlgren, Breck G. Hopkins, DHUS Office of Chief Counsel, Little Rock, AR, Mark Randall Mueller, David Nagle & Assoc., P.C., Austin, TX, for plaintiffs.

J. Phillip Malcom, Friday Eldredge & Clark, Rick T. Beard, III, Mitchell, Williams, Selig & Woodyard, Little Rock, AR, for defendants.

MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This is a medical malpractice case brought by the parents of a brain-damaged, severely handicapped child against the doctor responsible for the delivery of the baby, Dr. John W. Balay, and St. Paul Fire and Marine Insurance Company the insurer of Twin Rivers Medical Center (now Baptist Medical Center of Arkadelphia), the hospital where the mother was hospitalized at the time of the birth, claiming that negligence of the medical providers during and immediately after the birth caused the severe injuries which the child suffered. The case was filed on August 19, 1991, and the court has jurisdiction because of diversity of citizenship and the requisite jurisdictional amount being in dispute.[1]

Between the date of filing and the trial which began on August 3, 1992, numerous disputes arose between the parties during discovery and trial preparation phases of the case requiring the court's frequent intervention and a myriad of rulings. Shortly prior to July 21, 1992, the plaintiffs settled with Dr. Balay, and after some disputes about the settlement, and after certain motions to enforce the settlement were filed, the sum agreed to was paid into the registry of the court, and by order dated August 3, 1992, Dr. Balay was dismissed from the lawsuit.

The Arkansas Department of Human Services had provided certain medical assistance to the child and her family under the Arkansas Medical Assistance Program (Medicaid) and had expended $77,328.61 in doing so. However, in spite of the provisions of Ark.Code Ann. § 20–77–304 which requires that the department be notified when the recipient of medical assistance brings an action or claim against third parties, counsel for plaintiffs failed to do so until July 1, 1992, which was after plaintiffs had settled their claims against Dr. Balay and had completed most of pretrial activities and after most of the court's rulings during the course of trial preparation had been made. By that time, the case was set to be tried beginning August 3, 1992. In fact, it appears from the record that the Arkansas Department of Human Services was not notified of the claim and the lawsuit until plaintiffs' counsel sought to have the department reduce its lien discussed in more detail below. That request was refused, and the department was allowed to intervene to protect its interest by court order dated July 27, 1992.[2] The case was tried to a jury in the Hot Springs division from August 3 through August 7, 1992, when a verdict was returned in favor of the plaintiffs. The total amount of the recovery, including the amount of the settlement with Dr. Balay paid into the registry of the court, was $1,048,500.00.

Immediately prior to the commencement of the jury trial plaintiffs' counsel and counsel for the Arkansas Department of Human Services, out of the presence of the jury, but on the record, stipulated and agreed that the department had expended $77,328.61 in aid to the child and her family and the court ruled that the department had a statutory lien created by applicable Arkansas law in that amount.

1. An amended complaint was filed on September 16, 1991, after the court advised counsel for the plaintiff that he had not properly alleged subject matter jurisdiction.

2. It appears that plaintiffs' counsel agrees that this is the case. In their reply brief they say, in respect to the failure to notify the department: It would have made no difference. This court knows that the department is not inclined to pursue cases of this nature. Regardless of the reasons or motives, that is the fact. Plaintiffs' counsel would venture to state that the department has *never* (emphasis in original) taken the initiative and pursued a case of this nature on its violation.... The department did not participate at all at the trial of this matter. The plaintiffs' counsel did not seek the department's help and does not fault the department for not participating. In fact, attorneys in this situation appreciate the lack of interference.

There is nothing in the record to support the plaintiffs' claim in this respect, and the court does not know that the allegations made by plaintiffs' counsel have any basis. Since the department was not notified as required by law, we will never know what action the department would have taken had the law been complied with.

Presently before the court is a motion filed by one of the attorneys for plaintiffs requesting that the court require the Arkansas Department of Human Services to pay a proportionate share of the attorneys' fees and costs incurred in prosecuting this case to a conclusion. That motion was prompted by the court's letter to counsel for the parties dated November 6, 1992, directing that plaintiffs file appropriate motions in respect to the distribution of the funds held in the registry of the court.

Thus, the question before the court is whether applicable Arkansas law requires or allows the court to require that the Arkansas Department of Human Services pay, before receiving proceeds to pay its lien, a share of the attorney's fees and costs incurred by plaintiffs in obtaining the recovery. In a separate letter [3], plaintiffs' counsel calculated the department's share of fees and expenses to be $40,356.91.

The Arkansas Medical Assistance Program, the program under which the funds were expended by the department, is a joint federal/state program created by 42 U.S.C. § 1396 *et seq.* and regulations promulgated under that statute. 42 U.S.C. § 1396a(a)(25) requires that participating states or local agencies shall "take all reasonable measures to ascertain the legal liability of third parties (including health insurers) to pay for care and service available under the plan" and to seek reimbursement from such third parties for funds expended. Federal regulations more fully describe the duties and responsibilities of the various states and state agencies and are found in 42 C.F.R. §§ 433.135 through 433.146.

Ark.Code Ann. § 20–77–301 *et seq.* contain the provisions of Arkansas law enacted by the State of Arkansas pursuant to the mandate of federal law. § 20–77–301 provides that, where medical assistance benefits are provided by the department because of injury, disease, or disability "for which another person is liable, the appro-

priate division of the Department of Human Services shall have a right to recover from the person the costs of benefits so provided." The section goes on to provide that the department may enforce the right by the institution of legal proceedings against the third party. However, the section provides that no such action by the department to effect a recovery "shall ... operate to deny to the recipient the recovery for that portion of any damages not covered hereunder."

The two sections of the statute which are applicable to the issues raised by plaintiffs in respect to the department's sharing attorney's fees and expenses of litigation are Ark.Code Ann. §§ 20–77–302 and 20–77–303. Because the interpretation of and the interrelationship between these two sections are determinative of the issue raised, the court believes it appropriate to set them forth in full below:

**20–77–302. Action by recipient alone—Reimbursement of division.**

(a) When an action or claim is brought by a medical assistance recipient or his legal representative against a third party who may be liable for injury, disease, disability, or death of a medical assistance recipient, any settlement, judgment, or award obtained is subject to the division's claim for reimbursement of the benefits provided to the recipient under the medical assistance program.

(b) In the event of judgment or award in a suit or claim against a third party, if the action or claim is prosecuted by the recipient alone, the court or agency shall first order paid from any judgment or award the reasonable litigation expenses and attorney's fees. After the payment of these expenses and attorney's fees, the court or agency shall order that the department receive an amount sufficient to reimburse the department the full amount of benefits paid on behalf of the recipient under the medical assistance program. The remainder shall be awarded to the medical assistance recipient.

---

**3.** There is apparently a side agreement between the settling parties that the amount paid in behalf of Dr. Balay would not be disclosed. The court was not a party to this agreement. In any

event, the public record and public file is already replete with pleadings and other things disclosing the amount of the settlement.

### 20–77–303. Action by division and recipient.

(a) If an action is prosecuted both by the recipient and the division against a third person who is liable for injury, disease, or disability of the recipient, then in the event of judgment or award in a suit or claim against the third party, the court shall first order paid from any judgment or award the reasonable litigation expenses incurred in prosecution of the action or claim, together with reasonable attorney's fees based solely on the services rendered for the benefit of the recipient.

(b) After payment of expenses and attorney's fees, the court shall order that the division receive an amount sufficient to reimburse the division the full amount of benefits paid on behalf of the recipient under the medical assistance program.

(c) The remainder shall be awarded to the medical assistance recipient.

The interpretation of these provisions, and the question of whether the department can be or should be required to pay a proportionate share of the attorney's fees and costs incurred by the medical assistance recipient pursuing a lawsuit resulting in a recovery from a liable third party appears to be a case of first impression in this state. However, the court believes that the applicable sections set forth in full above are clear and unambiguous and there is no need for the court to engage, as plaintiffs request, in any of the numerous not very helpful rules of statutory construction.

Of course, the law clearly is that, in considering the meaning of a statute the court should read the words written by the legislature giving them their ordinary meaning when used in common language, at least unless it leads to an absurd result which the legislature could not have intended. *City of North Little Rock v. Montgomery,* 261 Ark. 16, 546 S.W.2d 154 (1977); *Black v. Cockrill, Judge,* 239 Ark. 367, 389 S.W.2d 881 (1965). As the Arkansas Supreme Court said in *Graham v. Forrest City Housing Authority,* 304 Ark. 632, 803 S.W.2d 923 (1991):

When a statute is clear, it is given its plain meaning, [*Cash v. Arkansas Commission on Pollution Control and Ecology,* 300 Ark. 317, 778 S.W.2d 606 (1989)] and we do not resort to a search for legislative intent. Legislative intent must be gathered from the plain meaning of the language used. [*Hinchey v. Thomasson,* 292 Ark. 1, 727 S.W.2d 836 (1987)]; *Roy v. Farmers & Merchants Ins. Co.,* 307 Ark. 213, 819 S.W.2d 2 (1991).

In this court's view, the legislative intent as gleaned from the plain words of the applicable statute could not be clearer. As indicated, federal law mandates that participating states develop a program for collecting benefits paid from responsible third parties. The provisions of Ark.Code Ann. § 20–77–301 *et seq.* were obviously intended to do that and, in the court's view, does so in clear terms. § 20–77–301 simply gives the Department of Human Services the right to recover from such third parties and provides that the department may enforce those rights by legal proceedings. It is provided, however, that even though the department takes action to enforce the rights given it, the recipient's right to pursue a claim for uncompensated damages will not be affected by action taken in behalf of the department. In other words, the statute gives the department the right to collect what it has paid to a recipient from responsible third parties and, in turn, gives the recipient the right to recover for damages suffered which are not compensated through Medicaid payments.

§ 20–77–304 imposes certain obligations and duties if either the department or the recipient pursues a claim against a third person. Either shall, within 30 days of filing the action, give the other party written notice of the action or claim and, upon receiving such notice, the party receiving it may at any time before trial become a party to the action or, where separate actions are filed by both the recipient and the department, the actions will be consolidated. In short, the clear intention of the statute is to give both the Department of Human Services and the recipient of Medic-

aid benefits separate rights to pursue claims against liable third parties. Each must notify the other that it is doing so, but the action may be pursued either by the recipient alone or by the recipient and the department acting jointly.

In this case, it is admitted that plaintiffs did not give the Department the notice required by Ark.Code Ann. § 20–77–304 until the "die was cast" and, in fact, a portion of the lawsuit had been settled. Now, after having had little if any input into the preparation of the lawsuit and the trial of it, plaintiffs' counsel seeks to require the department to pay a portion of the recipients' attorney's fees and costs.

The law, plainly in the court's view, does not permit that. Ark.Code Ann. § 20–77–302 provides how the recovery is to be distributed and divided where the recipient pursues the action alone, and § 20–77–303 provides for the division and distribution where the action is pursued jointly. For the reasons already stated, the Department in this case did not have the opportunity to jointly pursue the action because it was not notified of the lawsuit until it was almost over.

However, under the circumstances of this case that is irrelevant because the division of the recovery is the same irrespective of which route is taken. In either case, the applicable provisions clearly describe how the distribution is to be made. Where the claim is prosecuted by the recipient alone "the court or agency shall first order paid from any judgment or award the reasonable litigation expenses and attorney's fees". After these costs and fees are paid, "the court or agency shall order that the department receive an amount sufficient to reimburse the department *the full amount of benefits paid* on behalf of the recipient under the medical assistance program." (emphasis supplied). After reasonable litigation expenses and attorney's fees are paid and deducted from the recovery and after the *full amount* of the benefits paid by the department are reimbursed to it, any remainder shall belong to the medical assistance recipient.

This section directs the court to award the department an "amount sufficient to reimburse the department the full amount of benefits paid", not the full amount after deducting attorney's fees and costs.

The language utilized by the legislature in § 20–77–303 in respect to the division when the action is pursued jointly is almost identical. The only difference is that the legislature obviously intended to make clear that the attorney's fees and cost of litigation deducted shall be "based solely on the services rendered for the benefit of the recipient". It was clearly intended, that the department, in effect, pay its costs and attorney's fees in a jointly pursued action and that the recipient do likewise. Just as in § 20–77–302, the provisions of § 20–77–303 provide that after the recipient's reasonable litigation expenses and attorney's fees are deducted, "the court shall order that the division receive an amount sufficient to reimburse the division *the full amount of benefits paid* on behalf of the recipient under the medical assistance program." (emphasis supplied). Again, after that is done, any remainder shall belong to the recipient.

How could the intent of the legislature be any clearer? In spite of that, counsel for plaintiffs have labored and strained long and hard and, in the court's view illogically, in an attempt to make the provisions described above conflicting and ambiguous. For example, in plaintiffs' brief it is said:

> In the case at bar, A.C.A. § 20–77–301 provides an avenue and vehicle wherein the Department itself can pursue a medical malpractice cause of action when a medical provider's negligence causes a recipient to receive Medicaid benefits. A.C.A. § 30–77–303 states that when an action is prosecuted by both the recipient and the Department against a third person who is liable for the recipient's condition, only the attorney's fees and expenses incurred on behalf of the *recipient* are paid out of the proceeds recovered. This statute, as the Plaintiffs' attorneys read same, provides that the recipient's attorneys are paid for their time under this circumstance, yet the Depart-

ment's attorneys are not. If that is the case, it provides a disincentive in two ways:

> (a) The recipient would want his/her attorneys to allow the Department's attorneys' to carry the lion's share of the work load because the hours incurred by the Department's attorneys will not be deducted from any proceeds ultimately paid to said recipient; and
>
> (b) The Department's attorneys would want the attorneys for the recipient to carry the lion's share of the work load because they receive no reimbursement for same.

A.C.A. § 20–77–302 provides for the payment of attorney's fees and costs to the recipient's attorney if an action or claim is brought by said recipient or his legal representative against the third party without any assistance from the Department. A.C.A. § 20–77–304 provides that the Department is to be notified, and has the right to intervene, in the event a claim is made against a third party.

These various statutes have one controlling objective:

> [T]o establish third party liability for all parties that are liable to pay the medical costs of a Medicaid recipient
> . . .

See Preamble/Legislative history that precedes A.C.A. § 20–77–301. Surely, these conflicting provisions can be read harmoniously to effectuate the legislative intent involved without creating disincentives to dissuade the recipient's attorney, or the Department's attorney, from vigorously pursuing same based on how the cards are played.

Then in their reply brief, in an attempt to obfuscate the simple and clear dictates of § 20–77–302, plaintiffs say:

> This statute clearly says that attorneys' fees and expenses incurred in pursuing the litigation are paid first. It does not say that the recipient alone must bear these expenses and costs. To the contrary, such a ruling is illogical and unfair. The Department must bear its proportional share of these costs and expenses. Furthermore, the fact that

these expenses are paid first refutes any argument that the Department is entitled to an absolute reimbursement, penny for penny, of all expenses it has paid. For instance, if a One Hundred Thousand Dollars ($100,000.00) recovery is obtained and the Department has paid Seventy-Five Thousand Dollars ($75,000.00) in medical benefits, and the attorneys for the recipient were retained on a forty percent (40%) contingency fee basis, Forty Thousand Dollars ($40,000.00) goes to the recipient's attorneys for fees. There is not enough left to pay the Department every penny it has paid out for medical expenses. Thus, the Department is not entitled, absolutely, to recoup all of the expenses it has incurred. If the Legislature had intended for such to be the case, the Department's lien would be paid first.

Plaintiffs seem to lose sight of the fact that this court is not concerned with what the legislature could have said or even should have said. That's not this court's "job". Even if the court believed that it would have been better for all concerned if the legislature had provided for a different distribution than it did, that is beside the point. The fact is that it told courts such as this one rather specifically and exactly how recovery proceeds were to be distributed, and the court is bound by that statutory scheme enacted by the proper branch of our government to make such policy decisions.

Contrary to what plaintiffs argue, the provisions discussed above are not in conflict. It makes no difference whether the statutory scheme is "fair" or not, it is what the legislature said. It also makes no difference whether the requirements of the statute may work to, in the words of plaintiffs' counsel, create "disincentives to dissuade the recipients' attorney or the department's attorney from vigorously pursuing same based on how the cards are played." The legislature said what it said and it had the right to do so, and once the court understands what it said, it must follow the statute as written.

Frankly, the court is not certain that it understands the argument made in plain-

tiffs' reply brief as set forth verbatim above. Reasonable costs of litigation and attorney's fees are to first be paid, then the department will be reimbursed for benefits paid. It, of course, may sometimes occur that there is not enough money to go around, and the department in those cases will not receive everything that the statute entitles it to, but that does not change the fact that, after the expenses and attorney's fees are paid, the department is to receive whatever is left up to the amount paid in benefits. The remainder, if any, shall then go to the recipient. That's what the statute says. How is that conflicting or ambiguous?

The legislature's plan as set forth in the applicable statute clearly is as set forth above, and this court is required to apply that law. When that is done, the court is required to rule and hold that any funds recovered from the third party, including the amount paid into the registry of the court as a result of the settlement with Dr. Balay, shall first be used to pay plaintiffs' "reasonable litigation expenses[4] and attorney's fees". After such expenses and attorney's fees are deducted from the recovery, the remainder of the funds shall be first used to pay the Arkansas Department of Human Services the sum of $77,328.61. Any amount remaining after those payments shall belong to and be paid to plaintiffs.

The court believes that result is clearly what the legislature intended. The provisions discussed above, when read together, indicate an intent that the recipient pay the reasonable litigation expenses and attorney's fees incurred in behalf of and for the benefit of the recipient, and that the department stand the expenses incurred in behalf of and for the benefit of it. In this case, since the Department of Human Services was not even in the lawsuit until the very end because it was not notified of the recipients' claim, it is difficult to argue that any of the attorney's fees and costs in-

curred by the activities of plaintiffs' lawyers were incurred for the benefit of the Arkansas Department of Human Services. If it had been notified as required by law, it could have and perhaps would have (the court simply doesn't know one way or the other) done those things necessary at its expense to protect its interest. In this respect, plaintiffs' counsel in his reply brief has candidly said they did not expect or want the department's counsel to participate at the trial and that plaintiffs and their counsel "appreciate the lack of interference". Thus, it appears clear that the activities of plaintiffs' counsel, and the expenses incurred were in behalf of and for the benefit of the recipient. In any event, and whether that is true or not, the statute clearly and unambiguously directs the court to require that the recovery be distributed as set forth above.

### ORDER

On this 18th day of December, 1992, for the reasons set forth in a memorandum opinion of even date, the court finds that the recovery made herein, including the amount paid into the registry of the court as a result of a settlement with defendant, John W. Balay, M.D., shall be distributed as set forth in Ark.Code Ann. § 20–77–302. Such recovery shall be used to first pay "reasonable litigation expenses and attorney's fees." After such amounts are paid and deducted from the recovery, any balance remaining shall be paid to intervenor, Arkansas Department of Human Services, in an "amount sufficient to reimburse the department the full amount of benefits paid on behalf of the recipient under the medical assistance program." Any remainder after such amounts are paid shall belong to and be paid to plaintiffs.

IT IS SO ORDERED.

---

4. The court recognizes that there could certainly be a legitimate dispute about what are "reasonable litigation expenses", and it may be that that is something different than "costs" as that term is used in Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920 and case law interpreting those provisions and that term as used in the usual litigation context. If called upon to do so, the court will rule in respect to what constitutes "reasonable litigation expenses" as used in Ark.Code Ann. § 20–77–302.