Mr. Robert Shepherd Arkansas Drug Director Office of the Governor State Capitol Little Rock, AR 72201
Dear Mr. Shepherd:
This is in response to your request for an opinion regarding the authority of employees of the Seventh Judicial District's prosecuting attorney's office who work with the prosecutor's drug law enforcement program.
You note that Act 97 of the Third Extraordinary Session of 1989 authorized the prosecutor of the Seventh Judicial District to appoint deputy prosecutors, investigators, case coordinators or employees to work for grant-funded anti-drug operations. You also make reference to Act 362 of 1993, which grants arrest authority to members of prosecuting attorneys' drug task forces.
Your specific question is as follows:
 If they are working under this authority, can they legally perform the duties of a traffic police officer[1] in order to accomplish the goals of the drug interdiction program?
It is my opinion that investigators and case coordinators appointed to the Seventh Judicial District Drug Law Enforcement Program have the powers granted to peace officers and thus may perform the duties of such peace officers, including traffic-related duties. See n. 1, supra.
As you have noted, Act 97 of the Third Extraordinary Session of 1989 (codified as a note to A.C.A. § 16-21-1201 (Cum. Supp. 1991)), authorizes the prosecuting attorney of the Seventh Judicial District to appoint deputy prosecuting attorneys, investigators, case coordinators or employees to work for programs funded by grant awards from the Department of Finance and Administration, Intergovernmental Services, Drug Law Enforcement Program, Anti-Drug Abuse Act of 1986. Investigators and case coordinators appointed pursuant to the act are specifically authorized as having "jurisdiction throughout the judicial district served" and "the power granted to peace officers by the statutes of this State." Act 97 of 1989, § 1, 3rd Ex. Sess.
Additionally, as you note, Act 362 of 1993, which amended A.C.A. § 16-81-106, grants arrest authority to certain individuals. Subsection (g) states in pertinent part that:
 The following persons . . . shall be empowered to act as an officer for the arrest of offenders against the laws of this state . . .:
* * *
 (13) Members of federal, state, county, municipal, and prosecuting attorneys' drug task forces.
While it is clear that Act 97 specifically authorizes only "investigators and case coordinators" of prosecuting attorneys' drug law enforcement programs to have the power granted to peace officers, it is unclear under Act 362 which "members" of prosecuting attorneys' drug task forces may make arrests. For the following reasons, however, it is my opinion that the legislative intent was to limit this authority to investigators and case coordinators.
The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. Roy v. Farmers Merchants Ins. Co.,307 Ark. 213, 819 S.W.2d 2 (1991). Where the language of a statute is plain and unambiguous, the court determines legislative intent from the plain meaning of the language used and it does not resort to a search for legislative intent. Id. However, when the statute is ambiguous, the court must give effect to the intent of the legislature in adopting the statute. McGee v.Amorel Public Schools, 309 Ark. 59, 827 S.W.2d 137 (1992).
It is my opinion that the two acts are ambiguous and can be read to support either interpretation (i.e., that all drug task force members may arrest, or that only investigators and case coordinators may arrest and otherwise act as peace officers). One must, therefore, look elsewhere to discern the intent of the legislature.
Rules of statutory construction also provide that where interpretation of a particular statute is in doubt, express language and legislative construction of another statute employing similar language and applying to similar persons or things may control by force of analogy. Stribling v. UnitedStates, 419 F.2d 1350 (8th Cir. 1969). Also, where specific expressions conflict with general expressions, the rule is to give greater effect to the specific expression. Valley NationalBank of Arizona v. Stroud, 289 Ark. 284, 711 S.W.2d 785 (1986)citing Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797 (1982).
While I cannot clearly determine from the language of Acts 97 and 362 whether the legislature intended one interpretation or the other, reference should, in my opinion, be made to A.C.A. §16-21-1108 (Cum. Supp. 1991), an act similar to Act 97 of 1989, pertaining, instead, to the Sixth Judicial District Drug Law Enforcement Program. While subsections (a) and (b) allow the prosecuting attorney to appoint to the program "deputy prosecuting attorneys, law enforcement agents, an administrative assistant, a secretary and additional employees," subsection (c) specifically limits the authority for "peace officer jurisdiction" only to the law enforcement agents within the program. This provision, in my opinion, supports the proposition that the legislature intended to limit the "peace officer authority" to those specifically mentioned in the act. It did not, in my opinion, intend to extend this authority to all members of the prosecuting attorney's drug law enforcement program, as implied in the more general act, Act 362 of 1993.
Because the General Assembly expressly excluded "deputy prosecuting attorneys" and "other employees" when granting "the power of peace officers" in Act 97 of 1989 (3rd Ex. Sess.), there is a presumption that it meant to. If the legislature had wanted to extend the power to these individuals, it, presumably, would have so stated. It is a familiar rule that the legislature's affirmative statement of the effect of a statute is an implied denial of its having some other effect. Gosnell v. State,284 Ark. 299, 681 S.W.2d 385 (1984).
Accordingly, it is my opinion that investigators and case coordinators of the Seventh Judicial District Drug Law Enforcement Program "have jurisdiction throughout the judicial district served, and have the power granted to peace officers by the statutes of this State."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] While your question makes reference to "duties of a traffic police officer," you have not indicated to what duties you are specifically referring. I will therefore assume that you are referring to the general duties and authority granted to peace officers, which include the duty to stop and detain individuals suspected of committing a felony (see A.C.A. § 16-81-204 (1987)); the authority to execute search warrants (see A.C.A. § 16-82-202
(1987)); the authority, when in fresh pursuit, to arrest and hold in custody individuals believed to have committed a felony or for whom the officer holds a warrant of arrest (see A.C.A. §16-81-301 (1987)); and the general authority to arrest (see A.C.A. § 16-81-106 (Cum. Supp. 1991)). See also A.C.A. §5-1-102(12) (1987) ("Law enforcement officer" means any public servant vested by law with a duty to maintain public order or to make arrests for offenses.")