Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on the relation between Act 397 of 1983 and Act 1197 of 1993. Specifically, you note that Act 397 provides that the surviving spouse benefit payable by a firemen's pension fund shall be made equal to the benefit payable to the respective retired or deceased fire pension fund member if the pension fund meets the state's legal standard for "actuarial soundness," but in no event shall it be less than $250 a month. Act 1197 of 1993, however, increases the minimum or "base" benefit for both firefighters,[1] and their surviving spouses from $250 a month to $350 a month, but only if the particular fund is actuarial sound after the increase.
Your question with respect to these facts is whether Act 1197 (which increases the minimum $250 benefit to $350 if the fund would be sound), takes precedence over the Act 397 spouse benefit (granting spouses benefits equal to members if the fund would be sound). I understand your question to be whether, when a previously unsound fund, (which is paying neither the Act 397 or the 1197 increased benefits) becomes actuarially sound, the Act 397 increased surviving spouse benefit is awarded first, and the Act 1197 increased minimum benefit awarded to the other pensioners only if the fund would be sound after taking into account these payments, or whether the minimum benefit increase from $250 to $350 provided by Act 1197 is awarded first, and the Act 397 equal spouse benefits are only awarded if the fund would remain sound after these amounts are taken into consideration.
It is my opinion that the Act 1197 increased minimum benefits should be awarded first.
The primary rule of statutory construction, to which all other must yield, is to discern and give effect to the legislative intent. Roy v. Farmer's Merchants Ins. Co., 307 Ark. 213,819 S.W.2d 2 (1991). I can, however, glean no conclusive evidence of legislative intent on the question. Although Act 397 of 1983 (granting the equal spouse benefit) was, of course, enacted prior to Act 1197 of 1993, Act 1197 amends Act 397 by retaining the equal spouse benefit provision, but increasing the minimum spouse benefit, if the greater increase cannot be paid, from $250 to $350 a month. This provision would make the minimum spouse benefit the same as the minimum benefit for that class of firefighters who were entitled to $250 month under prior law.
Absent any controlling evidence of legislative intent, or legislative clarification on the question, it is my opinion that the Act 1197 benefit (the increase from $250 to $350 to spouses and certain firefighters) should be paid across the board prior to the payment of the Act 397 benefit. In my opinion the intent of Act 1197 was to increase the minimum benefit for all local fire pensioners from $250 to $350 a month, if the funds would remain sound. This construction of the act seems more equitable than granting equal pension benefits to the spouses who are now receiving $250, while refusing to grant that certain class of fire pensioners an increase from $250 to $350. The "base" or minimum benefits declared by the legislature would be awarded to all before the higher increased benefits would be awarded to spouses. Under this construction, the spouses and firefighters would all receive an increase from $250 to $350 if the fund would remain actuarially sound after the increase. The increased Act 397 benefit would only be awarded to spouses if the fund could accommodate this increase after paying the Act 1197 increases. In my opinion, therefore the answer to your question is "yes," the Act 1197 benefits "takes precedence" over the Act 397 benefit.
You have posed a final question with regard to the Act 1197 increased minimum benefit. You note that Act 1197 provides that "[t]he increase benefits provided for under the provisions of this act shall only be paid provided the retirement funds are actuarially sound after the increase as determined by the actuary for the Arkansas Fire Police Pension Review Board." You ask whether, once the increased benefits are awarded, the plan would continue to pay the $350 a month benefit, regardless of whether the plan drops below the standard for soundness in the future. In my opinion the answer to this question is "yes." The determination of "actuarial soundness" is made, with respect to the payment of a particular benefit, only once. This determination by its very nature is to take into account the future stream of payments required to fund the benefit. The pension benefit is not subject to revocation, in my opinion, because the determination or projection of soundness proves to be unsupported.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Firefighters who retire under current law are entitled to receive pension benefits equal to one-half the salary attached to the rank they held. A.C.A. § 24-11-818(a)(2). Firefighters who retired before the enactment of this provision, however, receive not less than $250 a month. See A.C.A. § 24-11-818(c), as amended by Act 1197 of 1193 (increasing this minimum benefit, however, to $350 a month). It is this latter class of pensioners who are affected by your question.