The Honorable Bobby G. Newman State Representative P.O. Box 52 Smackover, AR 71762-0052
Dear Representative Newman:
This is in response to your request for an opinion on the following question:
 Can an Arkansas public school district legally grant a transfer request under Act 1105 of 1993 (A.C.A. § 6-18-203(b)) by a faculty member who lives out of this state?
It is my opinion that the answer to this question is "no." The statutorily created right to enroll a child in the district where a parent teaches clearly only applies when the teacher is an Arkansas resident. Subsection (b)(1) of A.C.A. § 6-18-203 (Repl. 1993) states as follows:
 The children or wards of any person who is a public school teacher in one school district in this state, or is employed full-time by an educational cooperative, and is a resident of another school district in this state shall be entitled to be enrolled in and to attend school in either the district in which the parent or guardian resides, the district in which the parent or guardian is a
public school teacher, or any district located in the county in which the main office of the educational cooperative is located. [Emphasis added.]
I assume, from the facts outlined in your request, that the child does not otherwise meet the residency requirement for attendance in the district in which his or her parent teaches. See A.C.A. §§ 6-18-202 and 6-18-207. Resort to § 6-18-203(b)(1) as authority for enrolling the child in the district where the parent teaches will, in my opinion, fail if the teacher in fact resides out-of-state. The language of § 6-18-203(b) is clear in stating that the choice created thereunder applies to "[t]he children or wards of any person who . . . is a resident of another school district in this state. . . ." This language is unambiguous and must be given its plain meaning. See Cash v. Arkansas Comm'non Pollution Control Ecology, 300 Ark. 317, 778 S.W.2d 606
(1989).
You have also requested that I address "other issues" concerning the transfer of out-of-state children into a local district. I regret that the open-ended nature of this inquiry precludes a response. I cannot, in the context of an opinion, undertake an analysis of all potential issues that may arise in this regard. I will, of course, to the extent possible, examine those particular issues or questions that are identified upon request. It should be noted, however, that certain state-funding and other related issues in this regard are the subject of litigation pending in the Union County Circuit Court (see Junction City School Bd. v.State Bd. of Education). The long-standing policy of this office prevents me from addressing those matters that are the subject of ongoing litigation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh