Colonel John R. Bailey Director Arkansas State Police Post Office Box 5901 Little Rock, Arkansas 72215
Dear Colonel Bailey:
This is in response to your request for an opinion on the following four questions:
 1. Does A.C.A. § 12-8-201, et seq., limit the Director of the Arkansas State Police from establishing a Reserve Officer Program?
 2. Since these would be voluntary non-paying positions, is legislative authority and approval required?
 3. In accordance with A.C.A. § 12-9-301(2), may the State Police utilize auxiliary law enforcement officers as so defined?
 4. If such a reserve force can be presently created, would their appointment require approval by the State Police Commission?
In response to your first question, it is my opinion that, while nothing in A.C.A. §§ 12-8-201 to -215 (1987 and Cum. Supp. 1993) expressly prohibits the Arkansas State Police from establishing a reserve officer program, neither that subchapter nor any other provision of Arkansas law provides sufficient statutory authority for the establishment of a program under which unpaid individuals would perform the duties of sworn officers, or "members," of the Arkansas State Police.[1]
First, as discussed below in response to your third question, it is my opinion that the Arkansas State Police may not appoint "auxiliary law enforcement officers" under A.C.A. §§ 12-9-301 to -308 (1987, Cum. Supp. 1993, and Pamp. 1995).
Second, while the State and Local Government Volunteers Act, A.C.A. §§21-13-101 to -111, permits state agencies, including the Arkansas State Police, to accept the services of volunteers subject to the terms of that act, it is my opinion that the provisions of A.C.A. §§ 12-8-201 to -215 operate to negate the proposition that such volunteers could be permitted to function as sworn officers of the Arkansas State Police. Arkansas Code Annotated § 12-8-202(a), setting forth qualifications for members of the Arkansas State Police, provides that "[a]ll applicants for positions as Arkansas State Police . . . shall be employed strictly upon an efficiency basis. . . ." [Emphasis added.] In my opinion, the quoted language strongly suggests that only persons "employed," within the ordinary meaning of that word, by the Department of Arkansas State Police may serve as members. In the absence of ambiguity, the intent of the legislature is evidenced by the plain meaning of the language used. Royv. Farmers Merchants Ins. Co., 307 Ark. 213, 819 S.W.2d 2 (1991).
Other provisions of A.C.A. §§ 12-8-201 to -215 also refer to or strongly suggest employment in contexts that cause me to conclude that, under current law, employment is a necessary condition to service as a sworn officer. See, e.g., A.C.A. § 12-8-204(a) (providing that "members" may not be discharged without cause), A.C.A. §§ 12-8-206 and 12-8-207 (Cum. Supp. 1993) (creating a "class of employment" for each of troopers first class and corporals), A.C.A. § 12-8-212 (defining "in the course of employment" as the time when "an officer is on duty as a police officer. . . ."), and A.C.A. § 12-8-209(a) (Cum. Supp. 1993) (referring to "the officers, patrolmen, and other employees of the Department of Arkansas State Police) (emphasis added). In my opinion, A.C.A. § 12-8-215
(Cum. Supp. 1993) also clearly contemplates that all members of the Arkansas State Police will be employees of the Department of Arkansas State Police.
In response to your third question, it is my opinion that the Arkansas State Police may not appoint "auxiliary law enforcement officers" under A.C.A. §§ 12-9-301 to -308. Although certain provisions of A.C.A. §§12-9-301 to -308 suggest that such appointment might be contemplated,[2] A.C.A. § 12-9-306(a), the only part of the statute that expressly grants authority to appoint auxiliary law enforcement officers, refers and grants such authority only to political subdivisions:
 Recognizing the need for limiting the number of auxiliary law enforcement officers in this state, a political subdivision is given the authority to appoint auxiliary law enforcement officers. . . .
The Arkansas State Police clearly is not a political subdivision as defined in A.C.A. § 12-9-301(4). The express designation of one thing in a statutory scheme may fairly be interpreted as the intentional exclusion of another. Chem-Ash, Inc. v. Arkansas Power Light Co., 296 Ark. 83,751 S.W.2d 353 (1988). Here, I conclude that the legislature intended to limit the power to appoint auxiliary law enforcement officers to political subdivisions (i.e., local governments) of the state.
My conclusions with respect to your first and third questions make responses to your second and fourth questions unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
[1] See Op. Att'y Gen. 92-058, in which I opined that the words "members" and "employees," as used in A.C.A. § 12-8-104 (Cum. Supp. 1993), are not synonymous and that the word "members" means those persons who are required to take the oath prescribed by A.C.A. § 12-8-105. That opinion does not, however, imply that members need not be "employees" within the ordinary meaning of that word.
[2] Arkansas Code Annotated § 12-9-301(2) (Pamp. 1995) defines "auxiliary law enforcement officer" as one who is appointed by "a political subdivision or a law enforcement agency" and the Arkansas State Police clearly is a law enforcement agency within the meaning of A.C.A. § 12-9-301(6).