David R. Malone, Executive Director Arkansas Teacher Retirement System 1400 West Third Little Rock, AR 72201
Dear Mr. Malone:
I am writing in response to your request for an opinion regarding the definition of "salary" under the Arkansas Teacher Retirement System Act, and specifically the treatment of lump sum payments for unused sick leave in computing benefits.
As you note, Act 11 of 1999 broadened the definition of "salary" under A.C.A. § 24-7-202(24)(A), but it also restated certain limiting language that was added to this section by Act 638 of 1995. Your specific question pertaining to these amendments is as follows:
 Since Act 11 of 1999 was adopted after Act 638 of 1995, does the language of § 24-7-202(24)(A)(i) expand the definition of `salary' to allow monies to be used in the computation of retirement benefits beyond the limiting language of § 24-7-202(24)(A)(iii)? In other words, does § 24-7-202(24)(A)(i) add a fifth category to § 24-7-202(24)(A)(iii)?
RESPONSE
It is my opinion that the answer to this question is "no," based upon the plain language of the provisions involved.
Act 11 of 1999 amended the definition of "salary" under the Teacher Retirement System Act to state:
 `Salary' means the remuneration paid an employee in a position covered by the system and on which the employer withholds federal income tax.
A.C.A. § 24-7-202(24)(A)(i) (Supp. 2001).
You state that it is your understanding that employers must withhold federal income tax from lump sum payments for unused sick leave,[1] and therefore such payments appear to fall within this amended definition of "salary."[2] As you further note, however, § 24-7-202(24)(A)(iii), which was added by Act 638 of 1995 and restated without amendment by Act 11 of 1999, contains a limitation regarding the computation of salary. Your question relates to this limitation. The limiting language states:
 However, when a member retires, the current year's salary used in the computation of retirement benefits shall not exceed one hundred ten percent (110%) of the previous year's salary, unless the increase is a direct result of a promotion, change in position, incremental increase provided in the school district salary schedule, or an increase in school revenues.
A.C.A. § 24-7-202(A)(iii) (Supp. 2001) (see Acts 1995, No. 638, § 1).
As you point out, the four exceptions to the 110% limitation do not include lump sum payments for unused sick leave. You have questioned whether such payments should nevertheless be included in the listed exceptions since the expanded definition of salary now encompasses this remuneration.
The plain language of the statute does not support this conclusion. It is a basic rule of statutory construction that absent some ambiguity, the plain language will control. See e.g., Mountain Home School District No. 9v. T.M.J. Builders, Inc., 313 Ark. 661, 858 S.W.2d 74 (1993). See alsogenerally Roy v. Farmers Merchants Ins. Co., 307 Ark. 213,819 S.W.2d 2 (1991) (where the language of a statute is plain and unambiguous, the court determines legislative intent from the ordinary meaning of the language used.) It is also well established that unless a different legislative intent is indicated, a court will not resort to a strained construction for the purpose of restricting or expanding the meaning of a statute. Thompson v. Younts, 282 Ark. 524,669 S.W.2d 471 (1988).
Applying these precepts, I must conclude that the only categories of exceptions to the limiting language contained in A.C.A. §24-7-202(24)(A)(iii) are the four that are listed therein. Implicit in your question is the suggestion that the legislature impliedly amended §24-7-202(24)(A)(iii) when it enacted the expanded definition of salary under Act 11 of 1999. However, amendments by implication are not favored in construing statutes. Cummings v. Washington County Election Com'n,291 Ark. 354, 724 S.W.2d 486 (1987). While the first rule of statutory interpretation to which all other interpretive guides must yield is to give effect to the intent of the legislature (see American Casualty Co.v. Mason, 312 Ark. 166, 847 S.W.2d 392 (1993)), the intention you have suggested is simply not expressed in the plain language of A.C.A. §24-7-202(24)(A).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] School districts may choose whether to compensate teachers for unused sick leave following the passage of Act 1016 of 1979 (A.C.A. §6-17-1207 (Repl. 1999)), which repealed the prohibition against payments for unused sick leave. See generally Turnbough v. Mammoth Spring SchoolDist. No. 2, 349 Ark. 341, 78 S.W.3d 89 (2002).
[2] Sick leave would not have been included under the former law, which defined "salary" as "the recurring remuneration paid an employee . . . [,]" and which also specifically excluded "any nonrecurring single-sum payment paid by an employer. . . ." See Act 638 of 1995, § 1.