SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-12-437

| | |
|---|---|
| STEPHEN EDWARDS<br><br>                    APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS AND SEX OFFENDER SCREENING & RISK ASSESSMENT COMMITTEE<br><br>                    APPELLEES | **Opinion Delivered** October 31, 2013<br><br>PRO SE APPEAL AND CROSS - APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, 60CV-11-669, HON. CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br><br>REVERSED ON CROSS-APPEAL. |

## PER CURIAM

After being charged with rape, appellant Stephen Edwards entered a guilty plea to second-degree sexual assault and received a sentence of 120 months' imprisonment. In conjunction with that judgment, appellant was required to register as a sex offender. *See* Ark. Code Ann. § 12-12-905 (Repl. 2009). The Arkansas Department of Correction Sex Offender Screening & Risk Assessment Program ("SOSRA") conducted a community notification risk assessment as required under the Sex Offender Registration Act of 1997, codified at Arkansas Code Annotated sections 12-12-901 to -923 (Repl. 2009) (the "Registration Act"). SOSRA assigned appellant a Community Notification Level 3. Appellant requested an administrative review, and the Sex Offender Assessment Committee ("Committee") upheld the Level 3 assessment. Appellant then filed a petition in circuit court for judicial review of the final administrative order. The Act provides for an appeal to circuit court under the Arkansas

Administrative Procedure Act ("APA").[1] Ark. Code Ann. § 12-12-922(b)(7)(A)(ii). The Committee moved to dismiss the appeal for lack of jurisdiction based on an untimely petition. The circuit court denied the Committee's motion to dismiss, and it denied and dismissed the petition.

Appellant then lodged his appeal in this court. The Committee also filed a cross-appeal of the denial of its motion to dismiss for lack of jurisdiction. Because we reverse on the cross-appeal, we need not address appellant's points on appeal.

Appellant acknowledged that he had received the administrative order with the Committee's final findings on January 6, 2011. Appellant was required to file his petition within thirty days of his receipt of the final findings of the Committee. Ark. Code Ann. § 12-12-922(b)(7)(A)(ii); *see also Munson v. Ark. Dep't of Corr. Sex Offender Screening & Risk Assessment*, 369 Ark. 290, 253 S.W.3d 901 (2007). To be timely, appellant's petition must have been filed no later than Monday, February 7, 2011.[2] His petition was file-marked February 15, 2011. The record contains an order granting appellant's motion for leave to proceed in forma pauperis signed on February 7, 2011, and filed on February 15, 2011, the same date that appellant's petition was filed.

In its brief, the Committee urges that this should be treated as a jurisdictional issue, citing *Cash v. Arkansas Commission on Pollution Control & Ecology*, 300 Ark. 317, 778 S.W.2d 606 (1989).

---

[1] The Administrative Procedure Act is codified at Arkansas Code Annotated sections 25-15-201 to -218 (Repl. 2002 & Supp. 2007).

[2] The thirtieth day fell on Saturday, February 5, 2011, and the next business day was the noted Monday.

Where the petition was not timely filed, this court summarily affirms dismissal of the petition. *Newton v. Ark. Dep't of Corr. Sex Offender Screening & Risk Assessment Comm.*, 2011 Ark. 136 (per curiam); *Munson v. Ark. Dep't of Corr. Sex Offender Screening & Risk Assessment Comm.*, 2010 Ark. 177 (per curiam).

The order denying the motion to dismiss provides no explanation for the ruling, but appellant responded to the motion to dismiss by asserting that he had mailed and submitted the necessary documents for filing before the deadline and that the date on which his motion to proceed as a pauper had been granted reflected as much. The Committee takes the position that, although appellant may have mailed the documents needed (i.e., the petition and related documents to proceed in forma pauperis) before the filing deadline, he did not ensure that the order granting approval to proceed in forma pauperis was returned to the clerk in a timely manner so as to ensure that the petition was filed by the deadline.

A petitioner who seeks review of a final order of a decision assigning a community notification level must comply with procedure in establishing that his petition was timely filed. *See Newton*, 2011 Ark. 136. The circuit clerk was not required to file the petition for review until appellant had paid the appropriate fees or an order had been entered that declared appellant indigent. Although appellant may have initially tendered the petition for review within the time for filing, he did not comply with the procedure necessary for filing the petition by providing the circuit clerk with an order that would require the clerk to waive the filing fee until the period for filing a petition had expired.

Pro se litigants are held to the same procedural standard as a licensed attorney. *Lucas v.*

3

*Jones*, 2012 Ark. 365, ___ S.W.3d ___; *see also Greene v. State*, 2013 Ark. 251 (per curiam); *Kennedy v. Morales*, 2013 Ark. 41 (per curiam). In a civil case such as this, an attorney or a pro se litigant is required to pay the appropriate fee or provide the clerk with a basis for a waiver before the clerk is required to file a petition for review. Appellant did not demonstrate to the circuit court that his petition should have been file-marked before the date of entry of the order that granted appellant's motion for leave to proceed in forma pauperis. There was no clerical error shown by appellant in the filing of the petition on February 15, 2011.

Because appellant did not establish that he had complied with our rules of procedure for waiver of the fee until after the period for filing had expired, he did not establish that the petition had been timely filed. The circuit court, therefore, did not have a basis to determine that the petition was timely; thus, the motion to dismiss should have been granted, and the petition for review should have been summarily dismissed. We therefore reverse on appellee's cross-appeal for entry of an order in accord with this decision.

Reversed on cross-appeal.

*Stephen Edwards*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Amy L. Ford*, Ass't Att'y Gen., for appellee.