

# SUPREME COURT OF ARKANSAS

**No.** CV-12-180

| | |
|---|---|
| CLEVELAND SMITH<br>**APPELLANT**<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF<br>CORRECTION SEX OFFENDER<br>SCREENING & RISK ASSESSMENT<br>COMMITTEE<br>**APPELLEE** | **Opinion Delivered**     February 20, 2014<br><br>PRO SE APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>[NO. 60CV-11-929]<br><br>HONORABLE TIMOTHY DAVIS FOX,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

In 2007, appellant Cleveland Smith entered a negotiated plea of guilty to kidnapping and third-degree domestic battery of a minor, and an aggregate sentence of sixty months' imprisonment was imposed. The judgment-and-commitment order did not require that appellant register as a sex offender, although our statutory scheme required registration based on his conviction for kidnapping a minor who was not his child. *See* Ark. Code Ann. §§ 12-12-903(12)(A)(i)*(q)* (Supp. 2005) and 12-12-905 (Supp. 2003). Over three years later, the trial court entered a nunc pro tunc order, requiring appellant to register as a sex offender. In the order, the trial court stated that it was correcting a scrivener's error in the original judgment, which incorrectly indicated that appellant was not required to register as a sex offender and that, as a nunc pro tunc order, the order would be considered to have been completed on the date of the original judgment. Subsequently, the Arkansas Department of Correction Sex Offender Screening & Risk Assessment Program ("SOSRA") conducted a community-notification risk

SLIP OPINION

assessment as required under the Sex Offender Registration Act of 1997, codified at Arkansas Code Annotated sections 12-12-901 to -923 (Repl. 1999 & Supp. 2005) (the "Registration Act"). SOSRA assigned appellant a Community Notification Level 2. Appellant requested an administrative review, and the Sex Offender Assessment Committee ("Committee") upheld the Level 2 assessment. Appellant then filed a petition in the circuit court for judicial review of the final administrative order. The Registration Act provides for an appeal to circuit court under the Arkansas Administrative Procedure Act ("APA").[1] Ark. Code Ann. § 12-12-922(b)(7)(A)(ii). The Committee moved to dismiss the appeal for lack of jurisdiction based on an untimely petition, and the circuit court dismissed the petition. Appellant then filed a motion for reconsideration, along with two documents entitled "Brief in Support of Petition for Judicial Review" and "Motion to Correct Clerical Error of the Circuit Clerk's File Mark Date on Petitioner's Petition for Judicial Review." The circuit court denied the motion for reconsideration and did not address the two remaining filings. Appellant has now lodged his appeal in this court.

Appellant acknowledges that he received the administrative order with the Committee's final findings on January 26, 2011. He was required to file his petition within thirty days of his receipt of the final findings of the Committee. Ark. Code Ann. § 12-12-922(b)(7)(A)(ii); *see also Munson v. Ark. Dep't of Corr. Sex Offender Screening & Risk Assessment*, 369 Ark. 290, 253 S.W.3d 901 (2007). Thus, appellant's petition had to be filed no later than February 25, 2011, to be timely. His petition was file-marked March 2, 2011. The record contains an order granting leave

---

[1]The Administrative Procedure Act is codified at Arkansas Code Annotated sections 25-15-201 to -218 (Repl. 2002 & Supp. 2007).

to proceed in forma pauperis signed on February 25, 2011, and filed the following week on March 2, 2011, the same date that appellant's petition was filed. When the petition was not timely filed, this court summarily affirms dismissal of the petition. *Edwards v. State*, 2013 Ark. 434 (per curiam); *Newton v. Ark. Dep't of Corr. Sex Offender Screening & Risk Assessment Comm.*, 2011 Ark. 136 (per curiam).

Appellant asserts that he mailed the petition for judicial review and affidavit in support of request to proceed in forma pauperis to the circuit clerk's office on February 23, 2011, and that the certificate of service on the documents and the date on which the order granting leave to proceed as a pauper was signed reflected as much. He further contends that the circuit court erred in dismissing his petition because it was the fault of the circuit clerk or the circuit judge that his petition was not timely filed on February 25 because the clerk inexplicably held his petition for five days before filing it.

In *Edwards*, we addressed whether the submission of the petition and related documents to proceed in forma pauperis before the filing deadline to the circuit clerk is sufficient to constitute a timely filing of the petition, and we held as follows:

> A petitioner who seeks review of a final order of a decision assigning a community notification level must comply with procedure in establishing that his petition was timely filed. *See Newton*, 2011 Ark. 136. The circuit clerk was not required to file the petition for review until appellant had paid the appropriate fees or an order had been entered that declared appellant indigent. Although appellant may have initially tendered the petition for review within the time for filing, he did not comply with the procedure necessary for filing the petition by providing the circuit clerk with an order that would require the clerk to waive the filing fee until the period for filing a petition had expired.
>
> Pro se litigants are held to the same procedural standard as a licensed attorney. *Lucas v. Jones*, 2012 Ark. 365, ___ S.W.3d ___; *see also Greene v. State*, 2013 Ark. 251 (per curiam); *Kennedy v. Morales*, 2013 Ark. 41 (per curiam). In a civil case such as this, an

attorney or a pro se litigant is required to pay the appropriate fee or provide the clerk with a basis for a waiver before the clerk is required to file a petition for review. Appellant did not demonstrate to the circuit court that his petition should have been file-marked before the date of entry of the order that granted appellant's motion for leave to proceed in forma pauperis. There was no clerical error shown by appellant in the filing of the petition on [the file-mark date].

*Edwards*, 2013 Ark. 434, at 2.

Because appellant, as in *Edwards*, did not establish that he had complied with the rules of procedure for waiver of the fee until after the period for filing had expired, he failed to establish that the petition had been timely filed. Accordingly, the circuit court did not err in summarily dismissing the petition.

Affirmed.

*Cleveland Smith*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Amy L. Ford*, Ass't Att'y Gen., for appellee.