Ronnie Lee **HENDERSON**, Plaintiff,

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY,**
Defendant.

**Nos. LR–C–90–311, LR–C–90–312.**

United States District Court,
E.D. Arkansas, W.D.

June 19, 1991.

John B. Bingham, Hoofman & Bingham, North Little Rock, Ark., for plaintiff.

Tom F. Lovett, Lovett Law Firm, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

REASONER, District Judge.

In October 1989 plaintiff Ronnie Lee Henderson ("Henderson") incurred over $75,000 in damages as a result of an automobile accident. At the time of the accident Henderson had an automobile liability policy issued by defendant Universal Underwriters Insurance Company ("Universal") that included underinsured motorist coverage in the amount of $50,000. After settling with the responsible party's insurance company for the policy limits of $25,000, Henderson filed this action demanding the entire $50,000 underinsured motorist coverage from Universal. Henderson separately seeks a declaratory judgment that he is entitled to the full $50,000 policy limit under the Arkansas Underinsured Motorist Act of 1987. Henderson argues that underinsured motorist coverage should not be reduced by the amount an insured receives from the responsible party. Universal contends that underinsured motorist coverage should be reduced or "set-off" by the recovery from the responsible tortfeasor and that it is indebted to Henderson only in the amount of $25,000.

Pending before the Court is Universal's motion for summary judgment. Universal concedes that it is indebted to Henderson in the amount of $25,000, but not for the full $50,000 coverage. Universal also acknowledges that Henderson suffered over $75,000 in damages in the accident. Henderson agrees that there are no genuine issues of material fact and that the only matters to be decided are questions of law.

Neither the language in Henderson's policy with Universal[1] nor in the Arkansas Underinsured Motorist Coverage Act of 1987[2] is at all clear on whether the amount of underinsured motorist coverage should be reduced by the amount received from the responsible party. Fortunately, traditional rules of insurance contract interpretation and a recent act by the Arkansas General Assembly ease the court's task here.

An insured may contract with its insurer upon whatever terms both may agree, provided such terms are not contrary to a specific statutory provision. *See Gill v. General American Life Insurance Co.*, 434 F.2d 1057 (8th Cir.1970) (holding insurance policy contrary to Arkansas stat-

---

1. The pertinent coverage provides:

 We [Universal Underwriters] will pay all sums that the insured is legally entitled to recover as damages from the owner or driver of an uninsured or underinsured motor vehicle.

 [T]he most we will pay for all damages resulting from one accident is the limit stated in the declarations for this endorsement.

 Any amount payable under this insurance will be reduced by all sums paid or payable ... (2) for anyone who is legally responsible, including all sums paid under any liability [c]overage [p]art of this policy.

2. The act is codified as Arkansas Code Annotated § 23–89–209 and provides in relevant part:

 (a) Every insurer writing automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicles in this state shall make underinsured motorist coverage available to the named insured, which coverage enables the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle. Coverage limits shall be equal to the limits of liability provided by the underinsured motorist coverage to the extent the coverage exceeds the limits of the bodily injury coverage carried by the owner or operator of the other motor vehicle.

ute to be void); *Aetna Insurance Co. v. Smith*, 263 Ark. 849, 852, 568 S.W.2d 11, 13 (1978) (holding that Arkansas statute did not prohibit insurance company from excluding coverage where insured's injuries were fully covered by workmen's compensation). With this in mind, we move to the principal issue before the court here, which is the interpretation of the Arkansas Underinsured Motorist Coverage Act of 1987.[3]

A resort to the language of the act, however, does not initially provide the court with much direction. Not only do the words invite argument with respect to their meaning, but the court also recognizes the compelling policy reasons in favor of both "excess" and "set-off" coverage.

Arkansas law requires that, if insurance companies offer underinsured motorist coverage, the amount of underinsured coverage must be equal to the required minimum liability coverage.[4] If the court accepts Universal's argument that the amount of underinsured motorist coverage should be "set-off" by any recovery an insured receives from a tortfeasor, who presumably will carry at least the minimum amount of liability coverage in Arkansas, the insured will never recover his purchased underinsured motorist coverage. Alternatively, by following Henderson's contention that the amount of underinsured motorist recovery should not be reduced by

the insured's recovery from the responsible party, an insured's compensation could conceivably exceed his damages.

No Arkansas court has definitively addressed this act, and other states appear to be split on whether underinsured motorist recovery should be reduced by the amount received by the responsible party. Depending on the language of the particular policy or the relevant underinsured motorist act, or both, several states hold that an insured is not entitled to underinsured motorist benefits when the responsible party's liability insurance limit equals or exceeds the amount of the insured's underinsured coverage. *Davis v. Auto–Owners Insurance Co.*, 420 N.W.2d 347, 348 (N.D.1988); *Shisler v. Fireman's Fund Ins. Co.*, 87 Or.App. 109, 113, 741 P.2d 529, 532 (1987). Alternatively, Missouri allows an insured to receive the limits of his underinsured motorist coverage over and above any recovery from the responsible party if that recovery is not adequate to fully compensate the insured. *Weber v. American Family Mutual Insurance Co.*, 868 F.2d 286 (8th Cir. 1989).

■ Happily, in 1991 the Arkansas General Assembly passed an amendment to A.C.A. Section 23–89–209 specifically designed to clarify the meaning of the original version.[5] The presence of the emergen-

---

**3.** *Id.*

**4.** *See* A.C.A. § 23–89–403. The minimum amounts are $25,000 per person, $50,000 per accident, and $15,000 in property damage.

**5.** Act 209 of the 78th General Assembly, Regular Session, provides in relevant part:

Section 1. Subsection (a) of Arkansas Code § 23–89–209 is hereby amended to read as follows:

(a) Every insurer writing automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle in this state shall provide underinsured motorist coverage to the named insured unless rejected in writing by the insured. The coverage shall enable the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle. Underinsured motorist coverage shall

be at least equal to the limits prescribed for bodily injury or death under Arkansas Code § 27–19–605. *Coverage of the insured pursuant to underinsured motorist coverage shall not be reduced by the tortfeasor's insurance coverage except to the extent that the injured party would receive compensation in excess of his damages.* (emphasis added.)

. . . .

Section 5. It is hereby found and determined by the General Assembly that the present underinsured motorist insurance coverage law is being misinterpreted; that under the present misinterpretation persons covered by underinsured motorist coverage may not receive the benefits intended by law; and that this act clarifies the law and should therefore go into effect immediately in order to resolve the misinterpretation as soon as possible. Therefore an emergency is hereby declared to exist and this act being necessary for the preservation of the public peace, health and safety shall be in full force and effect from and after its passage and approval.

cy clause in Section 5 of that amendment persuades the court to apply the amendment retroactively to this case. The amendment makes it clear that the legislature intended the 1987 Act, when passed, to provide that an insured's recovery of underinsured motorist coverage should not be reduced or set-off by the amount received from the tortfeasor. Accordingly, defendant's motion for summary judgment is denied.

 As the last sentence of Section 1 of the amended act indicates, excess recovery in Arkansas is not meant to be a windfall to an injured party, and an insured's compensation should not exceed his damages. In other words, the injured policyholder should only receive the limits of his underinsured coverage if his total damages equal or exceed that limit plus the amount received from the tortfeasor. For example, assume X is hit by Y. X has underinsured motorist coverage of $50,000; Y has liability coverage of $25,000. If X's damages are $25,000 or less and he recovers that amount from Y, X would not be entitled to recover under his underinsured motorist coverage. Similarly, if X's damages total $30,000 and he receives $25,000 from Y, X should recover $5,000 in benefits from his underinsured coverage. Of course, if as here, X's damages exceed $75,000 and he receives $25,000 from Y, X should receive the full $50,000 policy limits from his underinsured motorist coverage insurer.

It is, therefore, ORDERED that defendant's motion for summary judgment is denied.