AMERICAN CASUALTY COMPANY of Reading,
Pennsylvania *v.* Larry Don MASON

92-1047                                               848 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered February 22, 1993

*Warner & Smith*, by: *Wayne Harris*, for appellant.

*Nolan & Caddell, P.A.*, by: *Bennett S. Nolan*, for appellee.

DONALD L. CORBIN, Justice. This appeal involves the interpretation of our underinsured motorist statute. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(c). Larry Don Mason,

appellee, was injured in the course and scope of his employment with Killoren Company of Arkansas, Inc. (Killoren) on June 1, 1989. Appellee was driving a 1986 one ton truck owned by his employer when a pickup truck driven by Ricky Beneaux crossed the center line and hit appellee's vehicle head on. The parties to this action have stipulated that Ricky Beneaux was solely at fault for the accident and appellee suffered personal injuries equal to or in excess of Fifty Thousand Dollars ($50,000). Ricky Beneaux's insurance company settled with appellee for the full amount of Mr. Beneaux's policy, Twenty-Five Thousand Dollars ($25,000). Appellant, American Casualty Company of Reading, Pennsylvania (American Casualty), was Killoren's insurer at the time of the accident. Appellee demanded payment from appellant of the maximum underinsured motorist coverage included in Killoren's policy of Twenty-Five Thousand Dollars ($25,000). Appellant rejected the demand and appellee filed suit. The trial court held that under Ark. 335 of 1987 codified at Ark. Code Ann. § 23-89-209 (Supp. 1989) appellee was entitled to recover the Twenty-Five Thousand Dollars ($25,000) underinsured motorist coverage provided by appellant. Appellant's sole point on appeal is that the trial court erred in interpreting Act 335 as allowing appellee to recover under its underinsured motorist coverage.

Appellant claims Act 335 is an unambiguous "difference of limits" or "excess" statute which was fundamentally changed by Act 209 of 1991 to an "add-on" statute. Under the "difference of limits" or "excess" method of computation of benefits, "an insured is not entitled to underinsured motorist benefits when the responsible party's liability insurance limit equals or exceeds the amount of the insured's underinsured coverage." *Henderson* v. *Universal Underwriters Ins. Co.*, 768 F. Supp. 688, 690 (E.D. Ark. 1991) (citations omitted). Appellee contends Act 335 was intended to be an "add-on" statute from the start and that the legislator's intent is evidenced by the emergency clause contained in Act 209. Under the "add-on" method of computation of benefits, "an insured [can] receive the limits of his underinsured motorist coverage over and above any recovery from the responsible party if that recovery is not adequate to fully compensate the insured." *Id.*

Act 335 of 1987 as codified at Ark. Code Ann. § 23-89-209 provided in pertinent part:

Every insurer writing automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicles in this state, shall make underinsured motorist coverage available to the named insured, which coverage enables the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle. Coverage limits shall be equal to the limits of liability provided by the underinsured motorist coverage to the extent the coverage exceeds the limits of the bodily injury coverage carried by the owner or operator of the other motor vehicle.

Act 209 of 1991, which was titled "AN ACT to Amend Arkansas Code 23-89-209 to Clarify the Law Pertaining to Underinsured Motorist Coverage; and for Other Purposes," provided in pertinent part:

Subsection (a) of Arkansas Code 23-89-209 is hereby amended to read as follows:

"(a) Every insurer writing automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicles in this state shall provide underinsured motorist coverage to the named insured unless rejected in writing by the insured. The coverage shall enable the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle. Underinsured motorist coverage shall be at least equal to the limits prescribed for bodily injury or death under Arkansas Code 27-19-605. Coverage of the insured pursuant to underinsured motorist coverage shall not be reduced by the tortfeasor's insurance coverage except to the extent that the injured party would receive compensation in excess of his damages."

The emergency clause of Act 209 provided:

It is hereby found and determined by the General Assembly that the present underinsured motorist insur-

ance coverage law is being misinterpreted; that under the present misinterpretation persons covered by underinsured motorist coverage may not receive the benefits intended by the law; and that this act clarifies the law and should therefore go into effect immediately in order to resolve the misinterpretation as soon as possible. Therefore an emergency is hereby declared to exist and this act being necessary for the preservation of the public peace, health and safety shall be in full force and effect from and after its passage and approval.

At dispute is the last sentence of Section 1 of Act 335 of 1987 codified at Ark. Code Ann. 23-89-209(a), which reads: "Coverage limits shall be equal to the limits of liability provided by the underinsured motorist coverage to the extent the coverage exceeds the limits of the bodily injury coverage carried by the owner or operator of the other motor vehicle." Appellant claims the last sentence of Act 335 is unambiguous and thus we should apply the plain meaning rule to determine that Act 335 is a "difference of limits" statute. Therefore, since the policy limit of the tortfeasor was equal to the amount of the underinsured motorist coverage, appellant is not liable to appellee for payment of any amount for underinsured motorist coverage. Appellee contends the last sentence of Act 335 clearly provides that an insured is entitled to recover underinsured motorist coverage benefits for damages sustained which exceed the coverage of the tortfeasor disregarding the amount of the tortfeasor's liability insurance. Although we have not specifically addressed this issue previously, in *Shelter Mutual Ins. Co.* v. *Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992), where the issue was whether appellant had made underinsured motorist coverage available to appellee in compliance with the statute, we indicated the amount of the tortfeasor's coverage had no effect on appellee's recovery under underinsured motorist coverage except that appellee could not be reimbursed twice for the same damages. The United States District Court for the Eastern District of Arkansas addressed this very issue and decided Act 335 of 1987 was intended to be an "add-on" statute. *Henderson*, 768 F. Supp. 688.

The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. *Roy* v. *Farmers & Merchants Ins. Co.*, 307 Ark.

213, 819 S.W.2d 2 (1991). Where the language of a statute is plain and unambiguous, we determine legislative intent from the plain meaning of the language used and we do not resort to a search for legislative intent. *Id.* "However, when the statute is ambiguous, we must give effect to the intent of the legislature in adopting the statute." *McGee* v. *Amorel Public Schools*, 309 Ark. 59, 63, 827 S.W.2d 137, 139 (1992) (citation omitted). While each party feels the statute is clear and supports their position when given its plain meaning, we feel Act 335 of 1987 is ambiguous and can be read to support either interpretation. We must, therefore, look elsewhere to discern the intent of the legislature. Changes to statutes made by subsequent amendments may be helpful in determining legislative intent. *Nixon* v. *H & C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991). While we cannot clearly determine from the language of the statute whether the legislature intended underinsured motorist coverage to be provided in a "difference of limits" or "add-on" method, the changes made to section 23-89-209(a) by Act 209 of 1991, the title of Act 209, and the emergency clause of Act 209, clearly indicate the legislature intended underinsured motorist benefits under Act 335 of 1987 to be provided without regard to the amount of insurance carried by any liable party. Section 23-89-209(a) was amended a second time by Section 22 of Act 1123 of 1991, but the amendments made by Act 209 of 1991 were not affected. Therefore, we think the trial court correctly determined appellee was entitled to recover underinsured motorist coverage from appellant.

Affirmed.