Joy PUGH, et al. *v.* ST. PAUL FIRE & MARINE
INSURANCE COMPANY, et al.

93-1148                                              877 S.W.2d 577

Supreme Court of Arkansas
Opinion delivered June 13, 1994

*Mathis & DeJanes*, for appellant

*Dennis L. Shackleford*, for appellee.

STEELE HAYS, Justice. This is an appeal from a summary judgment in a medical malpractice case. The trial court applied the decision in *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), holding that the malpractice claim was time-barred. That holding is challenged on appeal and we affirm.

Joy Pugh, appellant, filed a medical malpractice suit in 1987 against Warner Brown Hospital and two doctors, James Weedman and Durwood Flournoy, all appellees. St. Paul Fire and Marine is the carrier for the hospital. The complaint alleged negligence in the treatment of Mrs. Pugh's husband, resulting in his death. The negligent acts complained of occurred on May 26, 1985. On September 29, 1989, Mrs. Pugh took a voluntary nonsuit. On September 24, 1990, she served appellees with notice of intent to sue, a prerequisite for a medical malpractice action under Ark. Code Ann. § 16-114-204 (1987). On November 24, 1990, she refiled the complaint. Appellees moved for summary judgment on December 19, 1990, alleging her action was barred by the statute of limitations. The motion was denied.

On February 25, 1993, appellees filed a motion for reconsideration of summary judgment. The trial court granted the motion, applying a recent case, *Weidrick v. Arnold, supra*, retroactively, and finding the action was time-barred. Mrs. Pugh urges this was error.

Appellant recognizes the two-year limitation provided in § 16-114-203 for medical malpractice claims, but contends because she took a nonsuit, she comes within the savings statute, Ark. Code Ann. § 16-56-126 (1987), which gives her a year to refile from the time of her nonsuit. Appellant's suit, however, was not refiled within a year, but more than two months after the one-year extension had run. Appellant insists that fact does not defeat her claim because the ninety-day (formerly seventy-day) extension provided under § 16-114-204(b) was applicable to the savings statute and gave her the additional time needed to file her complaint.

In *Weidrick, supra*, this court held the requirement for notice of intent to sue in § 16-114-204(a) was superseded by ARCP 3. That opinion did not specifically deal with section (b), which provided the ninety-day extension.[1] The trial court ruled, however, that *Weidrick* was intended to supersede section (b), and that it was to apply retroactively. Thus under the trial court's holding appellant was denied the extended time allowed under § 16-114-204(b).

Whether Weidrick should have been applied retroactively has been addressed in the briefs and oral argument. However, it is unnecessary to reach that issue as we hold the extension provided in § 16-114-204 was not intended to apply to the savings statute. Without that extension, regardless of the application of *Weidrick*, appellant's claim is barred as it was not refiled within one year as required by § 16-56-126.

§ 16-114-204(b) provides:

> If the notice is served within sixty (60) days of the expiration of the period for bringing suit described in § 16-114-203 [two years] the time for commencement of the action shall be extended ninety (90) days from the service of the notice.

§ 16-56-126 provides:

> If any action is commenced within the time respectively prescribed in this act, in § § 16-116-101 — 16-116-

---

[1] We have since dealt with that question and in *Thomas* v. *Cornell*, 316 Ark. 366 (1994) we held that both sections (a) and (b) of § 16-114-204 were superseded by ARCP 3.

107, in § § 16-114-201 — 16-114-209, or in any other act, and the plaintiff therein suffers a nonsuit. . . the plaintiff may commence a new action within one (1) year after the nonsuit suffered. . . .

■ Under the wording of § 16-114-204(b), the ninety-day extension period applies to only the two-year limitation in § 16-114-203. The savings statute is not mentioned. Similarly, the savings statute makes reference to the medical malpractice act but expressly states a one-year limitation and does not mention the ninety-day extension.

■ The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the General Assembly. *Roy* v. *Farms & Merchants Ins. Co.*, 307 Ark. 213, 819 S.W.2d 2 (1991). When a statute is clear, it is given its plain meaning and we do not search for legislative intent. That intent must be gathered from the plain meaning of the language used. *Hinchey* v. *Thomasson* 292 Ark. 1, 727 S.W.2d 836 (1987). Here the plain language of § 16-56-126 does not include the addition of the ninety-day extension provided for in § 16-114-204. Appellant's claim was therefore not timely refiled.

Appellant raises another point. Prior to the order granting summary judgment, appellant engaged in pretrial discovery. After summary judgment was entered on June 25, 1993, she filed a motion under ARCP 60(b) on July 13, 1993, questioning some developments involving discovery: the reasonableness of certain expert fees, the failure of two experts to refund their fees when they were not deposed, and the propriety of the trial court's denial of subpoenas for some of the experts. The trial court denied the motion and appellant argues that was error.

■ We affirm the trial court's denial of the motion because appellant was precluded from bringing a Rule 60(b) motion on the grounds requested. Appellant's motion should have been made under ARCP 52(b), for an amendment to the trial court's findings. That motion, however, must be made within ten days of entry of judgment and in this case the motion was not timely.

■ Rule 60(b) allows a motion within ninety (90) days of the judgment but that rule limits the grounds for bringing the motion. *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991); *Jackson* v. *Arkansas Power & Light*, 309 Ark. 572, 832 S.W.2d

224 (1992). We have interpreted Rule 60(b) narrowly and said most recently in *Ingram* v. *Wirt*, 314 Ark. 553, 864 S.W.2d 237 (1993):

> In interpreting the language in ARCP 60(b) we have said that the "miscarriages of justice" referred to in the rule are a reference to those clerical errors or mistakes described in Rule 60(a). *Phillips* v. *Jacobs*, 305 Ark 365, 807 S.W.2d 923 (1991).

The appellants in *Ingram* made a motion under Rule 60(b) claiming the trial court had erred in refusing to admit certain evidence at a motion to vacate. Rule 60(a) provides for setting aside a judgment due to "clerical mistakes in judgments . . . arising from oversight or omission. . . ." We found in *Ingram* that "such a clerical mistake was not demonstrated" and affirmed the chancellor's refusal to admit the evidence.

Here too appellant has failed to demonstrate that a clerical mistake of the type referred to in Rule 60(a) was made and the motion should not have been heard. While the trial court did hear the motion, it nevertheless denied it so the right result was reached even if not on the grounds we assert here. *Miller* v. *Nix*, 315 Ark. 569 (1994).

Affirmed.