Mr. Phil Price, Interim Director Arkansas Employment Security Department P.O. Box 2981 Little Rock, AR 72203-2981
Dear Mr. Price:
This is in response to your request for an opinion regarding the applicability of Act 1123 of 1995 to certain entities overseen by the Arkansas Employment Security Department.
Act 1123 of 1995 requires state boards and commissions to issue annual mission statements describing their scope, function, public purpose, and duties, and summarizing their activity during the previous year. The act provides that the legislature is not to appropriate funds for boards or commissions that have not filed such statements. The act also prohibits nepotism and various types of conflicts of interest within state boards and commissions.
You have asked whether Act 1123 applies to the Employment Security Advisory Council, the Arkansas Board of Review, and the State Job Training Coordinating Council. You have noted that these entities do not receive appropriations from the legislature, nor do they engage in the disbursement of funds.
It is my opinion that Act 1123 does apply to these entities.
I have reached this conclusion by interpreting Act 1123 in accordance with the Arkansas Supreme Court's stated rules of statutory interpretation. The primary goal of statutory interpretation, as stated by the Arkansas Supreme Court, is to give effect to the legislature's intent. Graham v. Forrest City Housing Authority, 304 Ark. 632,803 S.W.2d 923 (1991). Therefore, the question presented by your request is whether the legislature intended to exclude the Employment Security Advisory Council, the Arkansas Board of Review, and the State Job Training Coordinating Council from the applicability of Act 1123 of 1995.
In determining the legislative intent, it is necessary to read the language of the statute giving it its common meaning, unless an ambiguity appears on the face of the statute. American Cas. Co. of Reading,Pennsylvania v. Mason, 312 Ark. 166, 848 S.W.2d 392 (1993). In my opinion, no such ambiguity exists on the fact of Act 1123 of 1995. Accordingly, after giving the language of the act its common meaning, I must conclude that the legislature did not intend to exclude the entities you have named from the act's applicability. First, the act does not set forth any exceptions to its applicability. Moreover, although the act itself does not define the phrase "state boards and commissions," these terms are commonly used quite broadly throughout Arkansas law, and have been known to refer to all manner of entities formed or appointed by all three branches of state government. The terms, therefore, would be commonly understood to include entities such as those about which you are concerned. This understanding is bolstered by the terms' definitions as stated in Black's Law Dictionary. The term "board" is defined in Black's
as "[a] committee of persons organized under authority of law in order to exercise certain authorities, have oversight or control of certain matters, or discharge certain functions of a magisterial, representative, or fiduciary character." The term "commission" is defined in Black's as "[a] body of persons to whom a commission is directed. A board or committee officially appointed and empowered to perform certain acts or exercise jurisdiction of a public nature or relation." The entities about which you have inquired certainly fall within these common definitions of the terms "board" and "commission."
My opinion is not affected by the fact that the entities which you have named do not receive appropriations or disburse funds. Although the receipt and disbursement of state funds does, as you noted in your letter, appear to be a consideration of Section 1(b) of the act, the language of the act does not indicate that this consideration is a factor to be used in determining the purpose or applicability of the act. Indeed, the title of the act,[1] which may be referred to in determining legislative intent (in the event that the act is considered to be ambiguous), Routh Wrecker Service v. Wins, 312 Ark. 123,847 S.W.2d 707 (1993), indicates that the purpose of the act goes beyond a concern about the use of state funds, and includes concerns about such matters as conflicts of interest (which can arise from non-monetary matters), nepotism, and the general focus of the various boards' and commissions' operations. There is no reason to believe that wrongs arising out of such issues as these (which the act obviously intended to prevent) would be any less harmful if they occurred within the entities which you have named than if they occurred within an entity which receives appropriations or disburses funds. Therefore, to exclude your named entities from applicability would undermine the purposes of the act.
There being no ambiguity in Act 1123 of 1995, and therefore giving the language of the act its common meaning, I conclude that the act does apply to the Employment Security Advisory Council, the Arkansas Board of Review, and the State Job Training Coordinating Council.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] The title of Act 1123 of 1995 states: "An Act Requiring State Boards and Commissions to Issue an Annual Mission Statement; To Prohibit Conflicts of Interest; To Prohibit Nepotism; and For Other Purposes."