Ms. Glenna Butler, Chair Arkansas Towing and Recovery Board 7216 Westwind Drive North Little Rock, Arkansas 72113
Dear Ms. Butler:
This letter is a response to your request for an opinion regarding the makeup of the Arkansas Towing and Recovery Board.
Acts 1993, No. 1000, § 3 (which is codified at A.C.A. § 27-50-1203) provides for the creation of a seven-member board. The act goes on to describe the seven members as follows:
 Four (4) members shall be appointed from the towing industry, with one (1) of such members being a resident of each of the four (4) congressional districts, two (2) members who are not associated with the towing industry shall be appointed from the state at large, and one (1) member shall be appointed from the insurance industry.
You have presented the following specific question:
 Do the "at large" members of the board represent the general public, or do they represent the towing industry?
It is my opinion that the two "at large" members of the board represent the general public, rather than the towing industry.
I have reached this conclusion by interpreting Acts 1993, No. 1000 in accordance with the rules of statutory interpretation as set forth by the Arkansas Supreme Court. The Arkansas Supreme Court has stated that if no ambiguity appears in the language of a statute, it must be read giving the words their commonly understood meanings. American Cas. Co. ofReading, Pennsylvania v. Mason, 312 Ark. 166, 848 S.W.2d 392 (1993). In my opinion, the language of Acts 1993, No. 1000 is unambiguous. Therefore, it must be read giving the words their commonly understood meanings.
The act plainly states that the two at large members are to be appointed from the state "at large." The phrase "at large" is defined in the Merriam-Webster Dictionary as "unconfined" or "as a whole." Applying this definition to the phrase "at large" as used in the language of the act, I interpret the phrase to mean the general public as a whole, not confined to the towing industry.
This interpretation also stands to reason in light of the fact that the act explicitly directs that four members be appointed from the towing industry. It would not have been reasonable for the legislature to have designated those four separately, if it had intended that two of the remaining three members come from the towing industry also. The separate designations would have been useless. In interpreting legislation, the interpreter is prohibited from presuming that the legislature did a vain or useless thing. Death and Permanent Total Disability Trust Fund v.Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992).
Finally, the Arkansas Supreme Court has held that in determining legislative intent (which is the primary goal of statutory interpretation, Graham v. Forrest City Housing Authority, 304 Ark. 632,803 S.W.2d 923 (1991)), it is permissible to consider not only the act's language, but also the subject matter, the object to be accomplished, the purpose to be served, and other appropriate matters that throw light on the issue. City of Fort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356
(1993). Factors such as these also support my conclusion. The purpose to be served by the act clearly is to create a board whose role is to regulate the towing industry. The tasks given to the board in the act indicate that their role of regulation will necessarily require them at times to take into consideration interests that may be adverse to those of the towing industry. The act's purpose of providing for regulation of the towing industry in this manner would not be served if six out of seven members of the board represented the towing industry.
I therefore conclude that Acts 1993, No. 1000 provides that the two "at large" members of the board must represent the general public, rather than the towing industry.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] A determination of whether particular individuals are "not associated with the towing industry," as required by the act, will turn on the particular facts of each case. The verb "to associate" is defined in the Merriam-Webster Dictionary as "to join in companionship or partnership," or "to connect in thought." To be "associated with," therefore, does not appear to require any kind of formal or monetary connection, but rather, can be constituted by a mere affinity. The facts that you have provided with regard to your two "at large" members appear to weigh in favor of a determination that these two individuals would, because of their professional history, tend to have an affinity for the towing industry, and that they are therefore "associated with the towing industry."