The Honorable Jay Bradford State Senator Post Office Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion on several questions concerning Act 348 of 1985. Specifically, your questions are as follows:
 1. Does this act prevent Title XX funds from being diverted from the community health centers?
 2. Does page 618 of the 1985 Act prohibit transfer of Title XX funds for other uses?
 3. Also, is there a prohibition of use other than the use by the Division of Mental Health of funds such as SS Block Grant funds or Per Capita funds or CMH funds?
In my opinion, Act 348 of 1985 contains no such limitations or prohibitions that are currently in effect. This conclusion is based in part upon the assumption that the reorganization of the Mental Health Services within the Department of Human Services authorized and directed by the act has been completed.
A portion of section 2(C) of the act is the relevant provision and provides as follows:
 In carrying out the reorganization of the Mental Health Services within the Department of Human Services as authorized in this Act, the Director of the Department of Human Services shall not allocate or use any of the monies identified below for the staffing or operation of County Offices or for the staffing or operation of any other division, office or section of the Department of Human Services, to wit:
 (i) Federal Block Grant Funds received by the State of Arkansas for Community Mental Health Services;
 (ii) any Federal Title XX monies provided and allocated for the support of Community Mental Health Services; or
 (iii) any per capita funds appropriated by the General Assembly for Community Mental Health Centers.
Although the foregoing was codified at Ark. Stat. Ann. § 5-912c(C) (Cum. Supp. 1985), it is not codified in the Arkansas Code Annotated. See
publisher's notes to A.C.A. § 25-10-103 (Repl. 1992).
The basic rule of statutory construction is to give effect to the intent of the legislature. Pugh v. St. Paul Fire Marine Ins. Co.,317 Ark. 304, 877 S.W.2d 577 (1994). That intent is determined primarily from the plain meaning of the language used in the statute. Id. Insofar as possible, a statute should be interpreted to give meaning to each word therein. City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993);Locke v. Cook, 245 Ark. 787, 434 S.W.2d 598 (1968).
Applying these rules to the statutory language quoted above, it is apparent that the legislature intended to prohibit the Director of the Department of Human Services from using federal block grant funds, title XX monies, or per capita funds to carry out any function of the Department other than supporting community mental health services during the period of the reorganization authorized and directed by the act. If such prohibition were intended to extend in time beyond the completion of the reorganization, there would have been no need to include in the act the clause that begins "[i]n carrying out the reorganization. . . ."
It is also a fundamental rule of statutory construction that the intent of the legislature is determined primarily from the language of the enactment considered in its entirety. Thompson v. Younts, 282 Ark. 524,669 S.W.2d 471 (1988). An examination of the entire act reveals no provision that, in my opinion, indicates a legislative intent to restrict the Director with respect to the funds at issue. To the contrary, a portion of section 11 of the act, codified at A.C.A. § 25-10-111(c) (Repl. 1992), provides:
 Although it is the intent of this act that the State Hospital Board, the Youth Services Board, and the Developmental Disabilities Services Board shall operate their institutional programs and services within the Department of Human Services with autonomy and independence as intended by the Arkansas Constitution, Amendment 33, the General Assembly recognizes that reasonable fiscal policies are necessary to assure that the various services of government are operated on a sound financial basis and that deficit spending is not implemented. In furtherance of that policy, the General Assembly determines that the Director of the Department of Human Services, with respect to the allocation of funds and the exercise of fiscal restraint over all divisions, offices, sections, units, programs, services, and institutions within the Department of Human Services, shall have the ultimate authority to allocate and limit the amount of funds to be expended in the operation of each division, office, program, service, and institution within the Department of Human Services as he deems necessary to comply with the fiscal laws of this state.
This provision suggests that the legislature intended the Director to have, after completion of the reorganization, the greatest possible discretion, within any limitations imposed by the laws under which such funds are allocated or appropriated, to use the funds at issue in carrying out the missions of the Department.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh