The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This is in response to your request for an opinion on the proper interpretation of Section 4 of Act 1058 of 1997, "The Arkansas Personal Responsibility and Public Assistance Reform Act." You note that this section of the Act adds a new section (A.C.A. § 20-76-105), to the Arkansas Code and creates the "TEA (`Transitional Employment Assistance') Program Advisory Council." The Council is composed of ten state agency directors and nine appointed members, three of whom are appointed by the Governor, three by the House Chairperson of the Public Health, Welfare and Labor Committee, and three appointed by the Senate Chairperson of the Public Health, Welfare and Labor Committee. You indicate that a question has arisen as to the selection of a chairperson of the Council. Specifically, your question inquires as to which members of the TEA Program Advisory Council are eligible to vote for the chairperson of the Council.
It is my opinion that all members of the Advisory Council, both the agency directors and the appointed members, are eligible to vote to select a chairperson of the Council, but the actual chairperson must be selected from among the appointed members (that is, from one of the nine members appointed by either the Governor, the House Public Health Chairperson, or the Senate Public Health Chairperson). The language of the Act in my opinion is unambiguous on this point. The relevant portion states:
 (a) There is created a TEA Program Advisory Council, which shall be composed of the following members:
(1) The director of the Department of Human Services:
(2) The director of the Employment Security Department;
(3) The director of the Department of Health;
(4) The director of the Department of Education;
(5) The director of the Department of Higher Education;
(6) The director of the Arkansas Development Finance Authority;
(7) The director of the Arkansas Industrial Development Commission;
 (8) The director of the Arkansas Highway and Transportation Department;
(9) The director of the office of Child Support Enforcement;
 (10) The director of the Division of Child Care and Early Childhood Education;
(11) Three members appointed by the governor;
 (12) Three members appointed by the House Chairperson of the Public Health, Welfare and Labor Committee; and
 (13) Three members shall be appointed by the Senate Chairperson of the Public Health, Welfare and Labor Committee.
 (b) Appointed members may be representatives of non-profit organizations, the business community, labor, current and former public assistance recipients, the Chamber of Commerce, the Arkansas Municipal League, and the Association of Arkansas Counties. Appointed members may be legislators.
 (c)(1) The appointed members of the advisory council shall serve three-year staggered terms. Initial appointed members of the advisory council shall draw lots to determine the length of their terms. The director of the Department of Human Services shall call the first meeting of the advisory council, and the advisory council shall annually elect a chairperson from among the appointed members. Ten (10) members of the advisory council shall constitute a quorum. The advisory council shall meet with the Governor every six (6) months or as frequently as it deems necessary upon request of the chairperson.
Acts 1997, No. 1058, Section 4, subsections (a)(b) and (c)(1). (Emphasis added.)
It is clear, in my opinion, that the legislature used the terms "appointed members" to refer to the nine members of the Council appointed by the Governor, House Public Health Chairperson, and Senate Public Health Chairperson. The phrase "appointed members" is used five times in subsections (b) and (c) above to denote these members of the Council. The Act indicates from what occupations or walks of life these members may be appointed, and provides for their terms of office. Such provisions would of course not be necessary for the agency director members of the Council, as they serve on the Council by virtue of their official positions. Thus, the words "appointed members" are necessary to distinguish these members from the general membership of the "advisory council," which in my opinion includes all members of the Council, both the agency directors and the "appointed members." This conclusion is borne out by the language of the Act. For example, subsection (a) of Section 4 states that: "There is created a[n] . . . Advisory Council. . . ." Subsection (c) states that the director of the Department of Human Services shall call the first meeting of the "advisory council" and that ten members of the "advisory council" shall constitute a quorum. It is also stated that the "advisory council" shall meet with the Governor every six months. These references clearly refer to the entire membership of the Council, both the appointed members and the agency directors. Indeed, the words "advisory council," as used in the quorum requirement, could not refer solely to the appointed members, as the act requires ten members for a quorum and there are only nine "appointed members." The relevant provision for purposes of your question states that: "theadvisory council shall annually elect a chairperson from among theappointed members." (Emphasis added.) In my opinion this language unambiguously requires the entire membership of the Council to elect a chairperson from among the appointed members. If the legislature had intended to authorize only the "appointed members" to vote on the selection of a chairperson, it could have easily limited the relevant language to the "appointed members" as it did in so many other provisions of the same section. In addition, it is generally held that where the language of a statute is plain and unambiguous, a court must determine the legislative intent from the plain meaning of the language used, without resorting to a search for the legislative intent. Pugh v. St.Paul Fire Marine Insurance Company, 317 Ark. 304, 877 S.W.2d 577
(1994) and American Casualty Company of Reading Pennsylvania v. Mason,312 Ark. 166, 848 S.W.2d 392 (1993). In my opinion the language of Section 4 (c)(1) of Act 1058 of 1997 unambiguously requires the entire membership of the Council to select a chairperson from among the nine appointed members.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh