The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion concerning the rights of various public employees to seek election to a public office. You have indicated that your questions assume that the employee is not prohibited from seeking the office due to the Hatch Act or any other federal provision.[1]
RESPONSE
It is my opinion that state law generally does not prohibit an employee of a school district, a municipality, a county, or the state from being a candidate for an elective office. There is a state statute, in fact, which expressly permits such candidacies.
Arkansas Code Annotated § 21-1-207 provides:
 Notwithstanding any law to the contrary, no employee of the state, a county, a municipality, a school district, or any other political subdivision of this state shall be deprived of his or her right to run as a candidate for an elective office or to express his or her opinion as a citizen on political subjects; unless as necessary to meet the requirements of federal law as pertains to employees.
Question 1 — Is there any prohibition in state law to a school districtemployee seeking public office? What restrictions may a local schooldistrict place upon classified or certified employees seeking publicoffice?
As indicated above, it appears that A.C.A. § 21-1-207 clearly permits a public employee, including an employee of a school district, "to run as a candidate for an elective office." With regard to the second part of your question, it is impossible for me to render a definitive opinion on what restrictions a school district may place upon employees seeking public office. Such restrictions would necessarily have to be reviewed on a case-by-case basis in order to consider the particular facts and circumstances surrounding the particular restriction. The Arkansas courts have consistently recognized the wide latitude and discretion that is granted to school districts in establishing their own policies; the courts will not interfere with the decisions of local school boards in the absence of an abuse of discretion or a conflict with clearly enunciated restrictions of state or federal law. See Op. Att'y Gen. No.96-345. In this regard, however, any restrictions adopted by a local school district may not conflict with A.C.A. § 21-1-207.
It should be noted that in Opinion No. 96-345 this office opined that the payment of a school district employee's salary while he or she was on a leave of absence for the purpose of serving a term in an elective office would be inappropriate. This office concluded that such payment would violate Article 14, §§ 2 and 3, of the Arkansas Constitution, which prohibit the use of school funds for any purpose that does not benefit the schools for which the funds were collected. Similarly, it is my opinion that a school district employee may not receive her salary if she is campaigning during her usual working hours. There is, however, nothing that would prohibit a school district employee from receiving her salary if she remains an employee and does not campaign during her usual working hours. Further, A.C.A. § 7-1-103(a)(3), as amended by Act 553 of 1999, makes it a misdemeanor for any public employee to use any office or room furnished at public expense to distribute any campaign materials unless such office or room is regularly used by members of the public for such purposes without regard to political affiliation.
Question 2 — Is there any prohibition upon a municipal employee seekingpublic office under state law? Please also provide a specific answer togeneral employees, firefighters, and police officers. What restrictionsmay a municipality place upon employees seeking public office?
In Opinions 98-084 and 98-035, this office opined that A.C.A. § 21-1-207
authorizes a municipal employee "to run as a candidate for an elective office." It is my opinion that firefighters and police officers, as well as "general" municipal employees are authorized to seek public office. Although political activity by civil service employees was previously prohibited by A.C.A. §§ 14-49-306(b) and 14-50-306(b), this office opined that A.C.A. § 21-1-207 [as enacted by Act 1214 of 1997] had the effect of impliedly repealing those statutory prohibitions. See Op. Att'y Gen. No.98-035.
Again, it is impossible for me to render a definitive opinion on what restrictions a municipality may place upon employees seeking public office. Such restrictions would necessarily have to be reviewed on a case-by-case basis in order to consider the particular facts and circumstances surrounding the particular restriction. State law, however, prohibits cities from enacting any ordinance that is inconsistent with or contrary to state law. Article 12, § 4 of the Arkansas Constitution states: "No municipal corporation shall be authorized to pass any law contrary to the general laws of the state. . . ." See also A.C.A. §§ 14-42-307 (cities can exercise all powers conferred by state law that are "not contrary" to state law);14-54-101 (cities can exercise powers that are "not inconsistent" with the general laws of the state); 14-55-101 (cities can enact ordinances that are "not inconsistent with the laws of the state").
Question 3 — Is there any prohibition upon a county employee seekingpublic office? Please also provide a specific answer as to generalemployees and deputy sheriffs. What legal restrictions may a countyemployer place upon employees seeking office?
In my opinion, A.C.A. § 21-1-207 clearly permits a county employee, including a deputy sheriff, "to run as a candidate for an elective office." Again, it is impossible for me to render a definitive opinion on what restrictions a county may place upon employees seeking public office. Such restrictions would necessarily have to be reviewed on a case-by-case basis in order to consider the particular facts and circumstances surrounding the particular restriction. County quorum courts, however, are only authorized to exercise legislative power that is not denied by or contrary to state law. See Ark. Const., Amend. 55, § 1; A.C.A. § 14-14-801. Accordingly, any restrictions placed upon employees seeking office may not be inconsistent with or contrary to state law.
Question 4 — What prohibition exists under state law, for a stateemployee to run for public office? Are any state employees prohibitedfrom running for public office based upon their position, if not inviolation of Federal law and term limits? Does the same answer apply toemployees of Department of Finance and Administration, state troopers,employees of Legislative Council, employees of the Judicial Department,employees of the Highway Department, and employees of the Game and FishCommission? What rights, if any, does a director or department head haveto restrict state employees from seeking public office?
It is my opinion that A.C.A. § 21-1-207 authorizes any state employee "to run as a candidate for an elective office." It should be noted that A.C.A. § 20-79-212 provides in part that no employee engaged in the administration of the rehabilitation program shall take any active part in the management of political campaigns or participate in any political activity. A question may arise, however, as to whether A.C.A. § 21-1-207
[as enacted by Act 1214 of 1997] had the effect of impliedly repealing this statutory prohibition. See generally Op. Att'y Gen. No. 98-035.
Although the phrase "employee of the state" is not defined in the statute, words used in statutes must be given their commonly understood meaning. See American Cas. Co. of Reading, Pennsylvania v. Mason,312 Ark. 166, 848 S.W.2d 392 (1993). It may reasonably be concluded that the legislature intended, in the passage of Act 1214 of 1997, to refer to all employees paid with state funds, including employees of the Judicial Department, the Highway Commission, and the Game and Fish Commission. It is, however, possible that the application of A.C.A. § 21-1-207 to employees of the Judicial Department could be challenged based upon the constitutional doctrine of separation of powers. Under Ark. Const. art. 4, §§ 1 and 2, one department of government cannot interfere with, or encroach on, or exercise the powers of, either of the other departments. It is also possible that the application of A.C.A. § 21-1-207 to employees of the Game and Fish Commission and the Highway Commission could be challenged based upon a conflict with the constitutional amendments creating each commission (Ark. Const. amend. 35 and Ark. Const. amend. 42). It, however, appears unlikely that such challenges would be successful as the public policy established in A.C.A. § 21-1-207
is most likely a purely legislative function. Indeed, statutes are presumed to be constitutional, and if it is possible to construe a statute as constitutional, a court must do so. McCutchen v. Huckabee,328 Ark. 202, 943 S.W.2d 225 (1997). Nevertheless, the question could only be resolved definitively by a court after reviewing any applicable policy or regulation and the position held by the particular employee in question. I have not been provided with any existing policies or regulations that would prohibit such employees from seeking office; however, any such policies and regulations should be reviewed prior to an employee seeking public office.
It is impossible for me to render a definitive opinion on what restrictions a director or department head may place upon employees seeking public office. Such restrictions would necessarily have to be reviewed on a case-by-case basis in order to consider the particular facts and circumstances surrounding the particular restriction. Of course, any such restrictions must be consistent with state law. In addition, reference should be made to the Governor's Policy Directive regarding state employee political activity. This directive focuses upon political activity during working hours and the use of state property for campaign purposes. See also A.C.A. § 7-1-103. Further, state statutes such as A.C.A. § 12-8-205 (members of the Arkansas State Police are encouraged to participate in the election process so long as the participation occurs while he or she is off-duty and is on his or her own time) and A.C.A. § 20-76-207 (employee of Department of Human Services may not devote his or her office hours towards any partisan political activity) place some restrictions on the conduct of certain employees seeking public office.
In conclusion, it must be noted that your questions refer to an employee seeking public office. Even if state law does not prohibit an employee from seeking public office, he or she may be prohibited from continued employment if elected to a particular office. Generally, concurrent service in two positions can be prohibited in three ways: (1) By a specific constitutional provision; (2) By a specific statutory provision; or (3) By the common law doctrine of "incompatibility." See Op. Att'y Gen. No. 98-035. Finally, it must be noted that neither your questions nor A.C.A. 21-1-207 address a person who is in a position that could be classified as an "office." See generally Op. Att'y Gen. No. 98-035.
Assistant Attorney General Warren T. Readnour prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:WTR/cyh
[1] The federal Hatch Act, which is codified as 5 U.S.C.A. § 1501 et seq., provides that a state or local officer or employee covered by the act may not be a candidate for elective office. 5 U.S.C.A. § 1502(a)(3);see also Op. Att'y Gen. 96-075. The act applies to individuals whose principal employment by a state or local agency is in connection with an activity that is financed in whole or in part by loans or grants made by the United States or a federal agency. 5 U.S.C.A. § 1501(4). Non-partisan races and candidates for those races are exempted from the Hatch Act.5 U.S.C.A. § 1503.