The Honorable Terry Smith State Senator 101 Hal Court Hot Springs, AR 71901
Dear Senator Smith:
I am writing in response to your request for an opinion on the following question:
 Act 520 of 2001 Section 1 states: "There is hereby appropriated, to the Department of Finance and Administration — Disbursing Officer, to be payable from the General Improvement Fund or is successor fund or fund accounts the following: (A) For providing grants of $100,000 for each year of the biennium to nine community health centers to be used for various community health programs and operations of the centers, the sum of. . . . . . . . . . . . . . . . . . . . $1,800,000." Considering that the biennium consists of two years, July 1, 2001-June 30, 2002 and July 1, 2002 — June 30, 2003, can more than $900,000 be disbursed pursuant to Act 520 of 2001 during any one year of the biennium?
RESPONSE
It may be concluded from the plain language of this appropriation act that the answer to your question is "no." The plain language is the primary indicator of legislative intent, according to basic rules of statutory construction. Pugh v. St. Paul Fire Marine Ins. Co.,317 Ark. 304, 877 S.W.2d 577 (1994). Insofar as possible, a statute should be interpreted to give meaning to each word therein. City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993); Locke v. Cook, 245 Ark. 787,434 S.W.2d 598 (1968).
Applying these rules to the statutory language quoted above, it seems clear that the legislature intended to provide a $100,000 grant to each of the nine community health centers named therein, for each year of the biennium.[1] Accordingly, following this disbursement scheme, no more than $900,000 would be disbursed during any one year.
This conclusion is based solely upon the language of Act 520. My research has revealed no other relevant legislative enactments, and I am assuming that there are no uncodified provisions pertaining to the State's funding of these nine community health centers. If, however, other authority exists relevant to the funding of these entities, corresponding modification of this opinion may be necessary.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The language that you have quoted is followed by a listing of nine community health centers by name. See Acts 2001, No. 520, sec. 1.