The Honorable Johnny Key State Representative 1030 Highway 62 E Mountain Home, AR 72653-3216
Dear Representative Key:
I am writing in response to your request for an opinion concerning school districts' contributions for health insurance premiums. You state that one of the health insurance options for teachers has a premium of $152.02 for employee only coverage, while the premium for employee plus family is $701.10. You also note that A.C.A. § 6-17-1117(c)(1)(B) (Supp. 2007) requires that a school district "pay the same employer contribution rate for each eligible employee electing to participate in the public school employees' health insurance program." You pose two questions against this backdrop:
 1. Is the term "rate" defined as a set dollar amount for each employee, or could "rate" be defined as a percentage of the monthly health insurance premium?
 2. Does A.C.A. § 6-17-1117 prohibit a school district from contributing a greater dollar amount to offset the health insurance premiums of school employees that select a higher-cost option such as "employee plus family" coverage?
RESPONSE
Although the statute would benefit from legislative clarification, it is my opinion in response to your first question that the term "rate" in A.C.A. § 6-17-1117 (Supp. 2007) is likely intended to be a set dollar amount per employee, rather than a percentage of monthly premiums. Accordingly, the answer to your second question is in all likelihood "yes," in my opinion. *Page 2 
As you note, subsection 6-17-1117(c)(1)(B) states:
 A school district shall . . . [p]ay the same employer contribution rate for each eligible employee electing to participate in the public school employees' health insurance program.
A.C.A. § 6-17-1117(c)(1)(B) (Supp. 2007).
Also relevant to your questions, subsection 6-17-1117(a) provides:
 Beginning on October 1, 2004, local school districts shall pay the health insurance contribution rate of one hundred thirty-one dollars ($131) per month for each eligible employee electing to participate in the public school employees' health insurance program.
A.C.A. § 6-17-1117(a) (Supp. 2007).
Viewed together, these subsections would appear to require school districts to pay a fixed health insurance contribution amount of $131.00 per month, per participating employee. Based solely on these provisions, therefore, it would seem that the term "rate" under subsection6-17-1117(c)(1)(B) means a set dollar amount, and that no greater amount can be paid.
In my opinion, however, consideration must also be given to certain language contained in the 2007 appropriation act for grants and aid to school districts. Act 229 of 2007 states in pertinent part: "Beginning with the 1996-97 school year, Local School Districts shall pay no lessthan the health insurance contribution rate established by Arkansas Code6-17-1117 for each eligible employee electing to participate in the Public School Employee Health Insurance Program." Acts 2007, No. 229, § 23 (emphasis added, designating this provision as "special language" that is "not to be incorporated into the Arkansas Code nor published separately as special, local and temporary law.").[1] In my opinion, this language clarifies A.C.A. § 6-17-1117(a) to the extent of expressing legislative intent for the $131.00 per month contribution to be a minimum, rather than a fixed rate. There may be a remaining question, however, whether the contribution rate could be established as a percentage of monthly premiums, instead of a dollar amount, so *Page 3 
that the contribution could vary employee by employee, depending upon their particular coverage.
It may be helpful in addressing this issue to review the legislative history of A.C.A. § 6-17-1117(a) and (c). It has been stated that "[t]he basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the General Assembly." Pugh v. St. Paul Fire Marine Ins. Co., 317 Ark. 304,877 S.W.2d 577 (1994). As a guide in ascertaining legislative intent, the court will often examine the history of the statutes involved. See, e.g.,City of Little Rock v. AT T Comm., 318 Ark. 616, 888 S.W.2d 290
(1994); Mears v. Arkansas State Hospital, 265 Ark. 844, 581 S.W.2d 339
(1979). In this regard, I note that beginning in 2001, the health insurance contribution rate has been set as a dollar amount. See Acts2001, No. 1745, § 1; Acts 2005, No. 1842, § 1; Acts 2007, No. 1009, § 18. Prior to that time, the statute provided that the rate would be "established by the State Board of Education . . ." See Acts1995, No. 1194, A.C.A. § 14 (codified at A.C.A. § 6-17-1117 Repl. 1999)). Thus, while the legislature has expressed its intent for the contribution rate under subsection 6-17-1117(a) to be a minimum, seeAct 229 of 2007, discussed above, there is no evidence that school districts have been given the option of setting the rate at anything other than a dollar amount per employee.
Some further insight might be gained from a review of A.C.A. § 6-17-1117's other provisions, consistent with established rules of statutory construction. See, e.g., Flowers v. Norman Oaks Construction Company,341 Ark. 474, 17 S.W.3d 472 (2000) (observing that in construing statutes, it is necessary to look to the language under discussion in the context of the statute as a whole.) The following subsection is worthy of note, in my opinion:
 Any school district that entered into contracts with classified personnel prior to the effective date of this act and the contracts provided for a higher employer contribution funding amount than is paid for certified personnel in the school district shall freeze the employer contribution funding amount for classified employees until such time as the funding amount contributed for certified personnel equals or exceeds the funding amount provided for classified employees.
A.C.A. § 6-17-1117(c)(2) (Supp. 2007). *Page 4 
The act referenced in this subsection is Act 306 of 2007. This 2007 legislation contemplates the payment of a higher contribution amount for classified employees than for certified personnel, notwithstanding subsection 6-17-1117(c)(1)(B)'s requirement, supra, that school districts "shall pay the same contribution rate for each eligible employee . . ." The latter requirement was added to the statute by Act 24 of the First Extraordinary Session of 2006. According to its emergency clause, the 2007 provision was added to avoid the "unintended reduction" in employer contributions that would otherwise have resulted from the 2006 act. See
Acts 2007, No. 306, § 2. The significant feature of the 2007 legislation for purposes of your question is the reference to "the funding amount" being paid for classified versus certified personnel. This provision appears to be premised upon the payment of one amount for each group of employees. It does not contemplate districts contributing greater or lesser amounts, depending upon employees' choices among coverage options. Consequently, it may buttress the conclusion that the "contribution rate" addressed by subsection 6-17-1117(a) is intended to be a set dollar amount per employee, rather than a percentage of the monthly premium.
In conclusion, therefore, school districts in my opinion may contribute more than $131.00 per month per employee for health insurance, but I believe the legislative history probably reflects intent for the contribution rate to be a set dollar amount, with the same amount applying to each employee. The issue is not entirely free from doubt, however, and would benefit from legislative clarification.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely, DUSTIN McDANIEL Attorney General
[1] As reflected in the A.C.R.C. Notes to A.C.A. § 6-17-1117 (Supp. 2007), this special language is also found in Act 2131 of 2005, at § 31, the 2005 grants and aid appropriation act. *Page 1