The Honorable Eddie Cooper State Representative Post Office Box 1 Melbourne, Arkansas 72556-0001
Dear Representative Cooper:
I am writing in response to your request for an opinion concerning A.C.A. § 6-60-204 (Repl. 2003), which requires state-supported institutions of higher education to waive certain "general student fee charges" for students over the age of sixty. Your question concerns the definition of "general student fee charges," and is whether "that language include[s] all assessed fees including student fees, or [whether] it [is] limited to tuition?"
RESPONSE
In my opinion the language of the waiver provision is ambiguous. I cannot provide a controlling definition of this term where it has not been provided by the General Assembly. It seems clear from the use of the word "general," however, that the charges that must be waived under A.C.A. § 6-60-204 do not include student fees that are charged for a specific service or product provided by the institution. In addition, the legislative history reflects a tightening of the Act as originally passed, which formerly required the waiver of "all tuition charges and fees." In my opinion, therefore, A.C.A. § 6-60-204 is likely limited to tuition or any other course-based "general" student fee charges. I cannot determine the precise meaning of this language in the abstract, however, without reference to a particular challenged fee. *Page 2 
The applicable statute, A.C.A. § 6-60-204 (Repl. 2003), provides as follows:
 When any person sixty (60) years of age or older is admitted and enrolls as a student in any state-supported institution of higher learning in this state, the board of trustees of the institution or other appropriate institutional officials shall waive all the general student fee charges for each student on a space-available basis in existing classes. Fees will be waived only for courses organized to grant credit and recognized by the Department of Higher Education for credit.
Id. See also, A.C.A. § 6-51-208(e) (Repl. 2003) (requiring a similar result with regard to vocational-technical schools).
Your question is whether the term "general student fee charges" is limited to tuition, or whether such institutions are also required to waive other student fees.
As I recently stated in Op. Att'y Gen. 2007-204, I cannot provide a controlling definition of a term where the legislature has not done so.Id. citing Op. Att'y Gen. 2007-037 (quoting Op. Att'y Gen. 2005-284 ("I and my predecessors have previously noted the Attorney General's lack of authority to supply a definition of a term that the legislature has not defined.")) See also, Ops. Att'y Gen. 2006-028; 2005-284; 2005-020; and 2000-338, at 2, quoting Op. Att'y Gen. 1998-025 ("[t]his office has consistently taken the position that in the absence of a legislatively- or judicially-formulated definition, it is inappropriate for the Attorney General, being a member of the executive branch of government, to formulate a controlling definition.")
As I stated in Op. Att'y Gen. 2007-046, however:
 The court has sometimes resorted to dictionary definitions in order to determine the meaning of a word or phrase, see Arkansas Tobacco Control Board v. Santa Fe Natural Tobacco Company, 360 Ark. 32, 39, 199 S.W.3d 656 (2004), or to "legal" dictionary definitions, Harold Ives Trucking Company v. Pickens, 355 Ark. 407, 411
139 S.W.3d 471(2003). The court has stated, however, that it is not limited, in construing the meaning of a word or phrase to dictionary definitions. See, e.g., Bill Fitts Auto Sales, *Page 3 Inc. v. Daniels, 325 Ark. 51, 55, 922 S.W.2d 718
(1996). The court has sometimes looked to definitions adopted in other states, Harold Ives Trucking Company v. Pickens, supra; or to the history of a statute and the record of the court's interpretation of it. Lawhon Farm Services v. Brown, 335 Ark. 272, 279, 984 S.W.2d 1(1998).
Id. at 6.
In addition, it has been stated that "[t]he basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the General Assembly." Pugh v. St. PaulFire Marine Ins. Co., 317 Ark. 304, 877 S.W.2d 577 (1994). In this regard, the first rule is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545 (2003). The court will construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect will be given to every word in the statute if possible. Ozark Gas Pipeline Corp. v.Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language is plain and unambiguous, legislative intent must be determined from the plain meaning of the language used, without resorting to a search for the legislative intent. When the meaning is not clear, the court will look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. MacSteel Div. of Quanex v. Arkansas Okla. GasCorp., 363 Ark. 22, 210 S.W.3d 878 (2005).
Turning now to the words "general student fee charges," in my opinion that language is somewhat ambiguous. It is unclear in my opinion from the language itself whether the words "general student fee charges" include tuition or any of the numerous types of student fees charged students. Although I have found no case law construing the words "general student fee charges," the word "general" is commonly defined as meaning "not limited to one class, product, field, service etc." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY (2nd ed. 2001), at 795. At a minimum, the use of this word indicates that the charges that must be waived under A.C.A. § 6-60-204 do not include student fees that are charged for a specific service or product provided by the institution. *Page 4 
With regard to any "general" fees that are levied by the respective institutions of higher education, you assume in your question that the waiver applies to tuition. Your question is whether A.C.A. § 6-60-204
was intended to require only the waiver of tuition or also the waiver of any generally-applicable student fees. In my opinion, resort to other language in the statute, and to the legislative history thereof, lend support to the view that the statute authorizes the waiver of general course-related charges, such as tuition, for students sixty years of age and older. As noted above, the statute sets out the authority for waiving "general student fee charges on a space available basis in existing classes" and then states in the last sentence that "[f]ees will be waived only for courses organized to grant credit and recognized by the Department of Higher Education for credit." The reference to the waiver operating on a "space available" basis presumably means that if traditional tuition-paying students wish to enroll in the class, they will be accepted to the exclusion of the older students for whom the waiver was adopted. In my opinion, this is some indication that the statute was intended to require the waiver of tuition. With regard to the distinction between tuition and any other general fees, the reference to "classes" and "courses" is some indication of a legislative intention to restrict the waiver to tuition or other general course-related expenses.
In addition, the legislative history of A.C.A. § 6-60-204 may be instructive on the question. The original act passed by the General Assembly in this regard was Acts 1975, No. 678, which was entitled "AN ACT to Provide That the Board of Trustees of the Respective State-Supported Institutions of Higher Learning Shall Waive Tuition Charges and Fees for Students Who are Sixty Years of Age or Older; and for Other Purposes." Section 1 of the Act provided that:
 Hereafter, when any person sixty (60) years of age or older is admitted and enrolls as a student in any State-supported institution of higher learning in this State, the Board of Trustees of the institution or other appropriate institution officials shall waive all tuition charges and fees for such student.
Emphasis added.
The original act thus enumerated tuition and fees separately and required the waiver of both types of charges ("all tuition charges and fees"), for students over sixty years of age. The statute was amended in 1977, however (see Acts 1977, No. 525), to insert the language requiring the waiver of "general student fee *Page 5 
charges for each student on a space available basis in existing classes" and to provide that "[f]ees will be waived only for courses organized to grant credit and recognized by the Department of Higher Education for credit." (Emphasis added). The 1977 act thus reflects some tightening of the language of the original enactment and appears restricted to general course-based charges and only on a space available basis.[1]
Finally, it is my understanding that the statute above is interpreted by most if not all state-supported institutions of higher education as being restricted to the waiver of tuition. The Arkansas Supreme Court has stated that agency interpretations of statutes are afforded great deference, even though they are not binding. Arkansas State MedicalBoard v. Bolding, 324 Ark. 238, 920 S.W.2d 825 (1996). The interpretation given a statute by the agency charged with its execution is highly persuasive and while not conclusive, will be upheld unless clearly wrong. See Macsteel, Parnell Consultants v. Ark. Ok. GasCorp., 363 Ark. 22. 210 S.W.3d 878 (2005); McClane Co., Inc. v.Davis, 353 Ark. 539, 110 S.W.3d 251 (2003); Arkansas State Medical Boardv. Bolding, supra.
In my opinion, therefore, for all the reasons stated above, the waiver provision of A.C.A. § 6-60-204 is likely limited to tuition or other course-based "general" student fee charges. I cannot determine the exact application of this language to any particular fee, however, without reference to all the pertinent facts.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] In my opinion the omission of the word "tuition" in the 1977 act does not reflect a legislative intent to restrict the waiver only to "fees" as opposed to tuition. The words "general student fee charges" are certainly broad enough to include tuition. *Page 1